Jeremy Pinson # 16267-064
_____
Name and Prisoner/Booking Number
USP Tucson
_____
Place of Confinement
PO Box 24550
_____
Mailing Address
Tucson AZ 85734
_____
City, State, Zip Code

```
┌──────────────────────────────────────┐
│  ☑ FILED        ☐ LODGED             │
│    ___ RECEIVED  ___ COPY            │
│  9  ┌────────────────────┐  9        │
│     │   FEB 1 8 2020      │           │
│     └────────────────────┘           │
│     CLERK U S DISTRICT COURT          │
│     DISTRICT OF ARIZONA               │
│  BY_____ DEPUTY     │
└──────────────────────────────────────┘
```

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Jeremy Pinson
_____,
(Full Name of Plaintiff)

                 Plaintiff,

v.

(1) United States of America,
_____,
(Full Name of Defendant)

(2) Federal Bureau of Prisons,
_____,

(3) ~~xxxxxxxxxxxxxxx~~
_____,

(4) _____,

             Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-20-70-RM(PSOT)
_____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☒ 28 U.S.C. § 1331; ~~Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).~~
    ☑ Other: FTCA 28 U.S.C. 2671-80

2.  Institution/city where violation occurred: USP Tucson

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: United States of America .   The first Defendant is employed
as: US Govt. at USP Tucson .
      _____(Position and Title)_____        _____(Institution)_____

2.   Name of second Defendant: Federal Bureau of Prisons .   The second Defendant is employed as:
as: Agency at USP Tucson .
      _____(Position and Title)_____        _____(Institution)_____

3.   Name of third Defendant: _____ .   The third Defendant is employed
as: _____ at _____ .
      _____(Position and Title)_____        _____(Institution)_____

4.   Name of fourth Defendant: _____ .   The fourth Defendant is employed
as: _____ at _____ .
      _____(Position and Title)_____        _____(Institution)_____

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?   ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? 150 plus .   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.   Parties: Pinson v. DOJ
      2.   Court and case number: 19-CV-235-RM .
      3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?) Pending

   b.   Second prior lawsuit:
      1.   Parties: Pinson v. Estrada
      2.   Court and case number: 18-CV-535-RM
      3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?) Pending

   c.   Third prior lawsuit:
      1.   Parties: Pinson v. Unknown Party
      2.   Court and case number: 13-CV-535-RM
      3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?) Pending

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Violation of 28 USC 2671-80, State Law Claims of Negligence, Assault, Intentional Infliction of Emotional Distress (only for Jan. 17, 2020 assault);

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☑ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Beginning in 2018 plaintiff Jeremy Pinson, a transgender inmate at USP Tucson, began receiving reports from fellow inmates that staff were labelling her a snitch to her fellow inmates. In 2019 she began receiving death threats from fellow inmate Schawn Cruze a violent state inmate housed in the BOP. Cruze was placed in SHU with Pinson in June 2019 and in Sept. and Oct. 2019 Pinson repeatedly reported death threats she received from Cruze to BOP's SIS and Psychology Staff at USP Tucson. On Oct. 23, 2019 Pinson was released from SHU to the USP Tucson CHALLENGE Program. Inexplicably Cruze was released from SHU with renewed access to Pinson on Nov. 27, 2019. Within days he began threatening to kill Pinson and others. Pinson reported this to SIS personnel on Dec. 14, 2019 and asked to be protected from Cruze. On the way back to her unit, Cruze saw her and accused her of being an "SIS Snitch," and threatened to kill her. SIS Cristinzio promised to place Cruze in SHU "immediately" but did not do so. Cruze went to his unit instructing inmates Derek Seeton and Jared Smith to put a "contract hit" on Pinson. On Dec. 16 two days later, Billy Dugard violently attacked Pinson in the dining hall. Both were placed in SHU. After multiple SIS interviews wherein Pinson expressed fears of Cruze and Dugard continuing to threaten her in SHU she and Dugard were released from SHU on Jan. 14, 2020.
(Continued on Page 7)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Deviated Septum, bruises, lacerations, concussion, broken eyeglasses, Mental and emotional trauma, exacerbation to PTSD

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

SF-95 Denial Is Attached

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: ___N|A_____

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _N|A_

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☐ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☐ Other: _____
    - ☐ Medical care
    - ☐ Retaliation

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count III?     ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?     ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

1. Damages against the United States in the amount of $600,000.00 for the January 17, 2020 assault.

2. Injunction enjoining BOP from housing Pinson with inmates Cruze, Dugard or Obergfeld having physical access to her, and enjoining BOP from continuing to allow SHU inmates to send letters to general population inmates, and to consider housing Pinson in an FCI or FMC Rochester.

3. Award Plaintiff all costs and fees in this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___2-5-2020___        ___(signature)___
               DATE                    SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

Claim One, continued:

Plaintiff was housed back in the CHALLENGE Program which is physically seperate from units where Dugard and Obergfeld were housed on Jan. 17, 2020. The plaintiff at 12:30 p.m. on Jan. 17, 2020 went to the USP Tucson Mailroom to send out legal Mail. En route to her housing unit which is on the Southside of USP Tucson, the compound officers instructed her to go to the North Side "Charlie Gate" Where Dugard and Obergfeld were waiting. Pinson told the officer, Alvarez "I Want to go see the lieutenant, Dugard threatened me and assaulted me before for Schawn Cruze." Alvarez directed Pinson to stand at the gate to the recreation corridor which should have been open and manned by 2 staff whose post-orders required their presence at that gate to monitor metal detectors for inmates. Dugard escorted Obergfeld towards Pinson, and was heard saying "be sure to kill her this time," at which point Obergfeld violently attacked Pinson causing serious injuries requiring hospitalization. Pinson was transported by AMS and the Tucson Fire Department to Tucson Medical Center. Upon return to USP Tucson Pinson was then housed with inmate Cruze and Obergfeld whom continue to brandish prison made shanks at her and are threatening to kill her. Pinson was told by a Lieutenant on February 4, 2020 "they're gonna keep putting you guys together until you end up dead, I dont agree with this shit at all." BOP had a statutory duty to protect plaintiff under 18 USC 4042 from violence by other inmates. BOP Policy requires a "threat assessment and investigation" when inmates express fear of harm by other inmates. Staff violated this policy and others when it failed to protect Pinson on Jan. 17, 2020 and thereafter. At USP Tucson staff are aware of, by virtue of lawsuits and criminal cases, that other inmates have repeatedly killed USP Tucson inmates (e.g. Robert Harpetoss, Kevin Gray Hutchings, Marcus Wayne Harrison, Marshall Claffey, Michael McCullough and Clinton Smith) due to staff failing to follow policy and encouraging inmate on inmate assaults.

**U.S. Department of Justice**

**Federal Bureau of Prisons**

_____

Western Regional Office
7338 Shoreline Drive
Stockton, California 95219

January 30, 2020

*Certified Mail:*

Jeremy Pinson
#16267-064
United States Penitentiary
PO BOX 24550
Tucson, AZ 85734

Re:    Tort Claim No. TRT-WXR-2020-02720 Received: January 27, 2020

Dear Mr. Pinson:

This is in response to the administrative claim submitted or forwarded to the Western Regional Office under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq.   You seek $600,000.00 for an alleged personal injury.

Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for injury to or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his or her office or employment.   Your claim contains no allegation of injury to or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his or her office or employment, for which the United States is liable.

Additionally, the Administrative Remedy Program allows for a formal review of an issue relating to any aspect of your confinement and is the proper avenue for your condition of confinement complaint(s). If you continue to have concerns regarding your confinement you should contact your Unit Team and utilize the Administrative Remedy Procedure.

Accordingly, your personal injury claim is denied.   If you are not satisfied with this determination, you are afforded six months from the mailing of this letter to bring suit in the appropriate United States District Court.   You may also seek reconsideration of this determination by resubmitting your claim with the information contained in the damaged portion included.

Sincerely,

DENNIS M. WONG
WESTERN REGIONAL COUNSEL

DMW/sg