United States District Court
District of Arizona

Jeremy Pinson,
Plaintiff,

v.                                  Case No. 20-CV-00070

United States et al.
Defendants

## Opposition to Motion For Summary Judgment Regarding Administrative Exhaustion

Comes now the plaintiff - pro se - and pursuant to Fed. R. Civ. P. 56 and opposes the Motion (Doc. 34) because it is not based on complete facts or accurate reflections of law. A Counterstatement of Material Facts is filed concurrently herewith.

## Argument

### A. Plaintiff Met Her Burden Under The FTCA To Exhaust

The Federal Bureau of Prisons ("BOP") is a federal agency and is subject to the provisions of the Federal Tort Claims Act, 28 U.S.C. 2671-80. It has promulgated regulations at Title 28, Code of Federal Regulations, Section 543 et seq., as well as Program Statement 1320.06 entitled "Federal Tort Claims Act" (dated Aug. 1, 2003)(available at www.bop.gov). Regarding exhaustion the

1

affirmative defense of failure to exhaust administrative remedies is on the party asserting the defense. Jones v. Bock, 549 U.S. 199, 216 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It is not enough to simply assert nonexhaustion and rest on that, the defendants are required to show that (1) a process was available to plaintiff and (2) plaintiff did not follow the policy governing an available process. But, at the same time, the defendants must also show that they properly followed such a policy and process as well.

The BOP policy on processing claims for the FTCA outline a list of details a claim must include:
1. Date of Incident
2. Place where the incident occurred
3. Explanation of events
4. Witnesses
5. Description of Injury or Property Loss
6. Sum Certain Claimed
7. Date of Claim
8. Claimant's Signature

Program Statement 1320.06 at Section 7. The SF-95 Claim the Plaintiff submitted listed all 8 of the above details. Program Statement 1320.06 at Sec. 7 also clearly outlines how the

2

BOP must resolve a claim it has received:

> "Claims will not be closed until they are either settled, denied, rejected, or transferred to another agency pursuant to 28 C.F.R. 14.2."
> Program Statement 1320.06 at Sec. 7

In its motion the BOP admits it received an SF-95 claim (Doc. 34 at 3-4. And, it admits it "immediately issued a final denial of the claim on January 30, 2020" (Doc. 34 at 3). The BOP does not claim it rejected, settled or ~~decided~~ transferred the claim as is outlined in its Program Statement 1320.06 at Sec. 7. In fact, its regulation on rejecting a tort claim states:

> "If you fail to provide all ~~the~~ necessary information, your claim will be rejected and returned to you requesting supplemental information."
> 28 C.F.R. 543.32(a) (also P.S. 1320.06 at Sec. 8).

Having declined to reject the SF-95 claim, or to complete a 180 day time period to investigate the claim as permitted and extensively detailed in 28 CFR 543.32(c) and Program Statement 1320.06 the BOP chose to "immediately" issue a final denial of the claim the very week it was received in

3

the office of BOP's regional counsel. Doc. 34 at 3. And now, unsatisfied with its own failure to investigate or reject the SF-95 claims it received and "immediately" denied, the BOP asks this Court to shift the blame to the plaintiff who did everything policy required. The regulations and policy outline that BOP should investigate a claim, write a report, and evaluate whether or not to settle. The claim is stamped "Received January 27, 2020" (Doc. 35-2 at 2of4), this was a Monday, and the Jan. 30, 2020 denial (Doc. 34 at 3) fell on a Thursday. It is inconceivable that BOP received a claim, investigated it, analyzed it to make a decision to settle or deny the claim in a span of less than 72 hours. The BOP instead received it, hastily denied it, and now seek to exploit their lackadaisical approach to exploit a distorted reading of the PLRA to avoid a trial on the merits. The defendants have not met their burden of proving failure to exhaust and thus the Motion (Doc. 34) should be denied.

4

## B. THE PLAINTIFF EXHAUSTED COUNT THREE

Only a cramped, narrow reading of the many pages of factual allegations of Count Three would support the narrative that Count Three was, at its core, simply about the request to transfer the plaintiff based upon false information.

Claim Three alleged a series of events that essentially outline that as Warden of USP Tucson Barbara Blanckensee maliciously targeted transgender inmates, and used lies and abusive tactics to target transgender inmates such as intentional mishandling of PREA investigations, discrimination in housing and treatment, failure to protect, malicious transfers. The plaintiff alleged that one such tactic was to falsify portions of official BOP records to accomplish such malicious objectives.

Because the BOP has confiscated more than 20,000 pages of plaintiff's own legal files and claims now to have

5

"lost" them (Ex. 1, Decl. of Jeremy Pinson) and because the BOP has cherry picked which original requests/appeals to provide the Court while referencing the rest in a condensed printout of more than 1,000 grievances. The defense expects to toss such a vague, voluminous abstract record at the Court to shift the burden of proof to plaintiff knowing that the nonexhaustion defense burden is on them. Such a vague abstract is not proving that burden nor is an attempt to shift the burden such a proof either. The plaintiff avers that the facts of Claim Three were exhausted over a series of exhausted administrative remedies (see Pinson Decl.) that the defense has not supplied.

Furthermore this defense tactic has been previously rejected by a district court in this circuit already in another lawsuit of plaintiff's. See Pinson v. Prieto, No. 10-cv-811-PSG (C.D. Cal. Nov. 15, 2011) ("they cite to no authority requiring exhaustion with respect to each factual allegation... The Court therefore

6

finds that defendants have not met their burden to prove failure to exhaust") (Report and Recommendation on Motion to Dismiss Based On Non-exhaustion). The defendants stole the plaintiff's legal property so she cannot submit her own copies of her administrative remedies but this is not her fault nor was it in her control. (See Ex. 2, Ruiz Memo). Regardless, the defense didnt conclusively meet its burden in the first place and shifting the burden to plaintiff is not enough. See Wyatt, 315 F.3d at 1119.

C. Claim Three Is Evaluated By The Date of the FAC

Defendants cite the filing of the original complaint to support their nonexhaustion argument as to Claim Three. But Claim Three was formally added by the Court 7 months after this case began, it supersedes the original and the date to analyze exhaustion of Count 3 is July 24, 2020 not Feb. 18, 2020 because Claim 3 was not added til the latter date. Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).

D. Defendants Haven't Submitted Competent Evidence

As has sometimes become a pattern in the litigation between BOP and Plaintiff, they have submitted evidence to support their affirmative defense that is not competent. Here, the declaration submitted is not by someone who was ever personally involved in any aspect of the administrative remedy process. She is instead only able to authenticate records but not the contents thereof. The declaration is insufficient because:

1. It is conclusory. See Ray v. Kertes, 130 Fed. Appx. 541, 543 (3d Cir. 2005)(holding "conclusory statement" that "does not constitute a factual report describing the steps Ray did or did not take to exhaust his grievances" did not meet defendants burden);

2. It fails to set forth how records were searched. See Livingston v. Piskor, 215 F.R.D. 84, 85-86 (W.D.N.Y. 2003)(holding that defendants' affidavits that they had no record of grievances and appeals by the inmate were inadequate where they did respond to his allegations that they gave no detail as to "the nature of the searches... their offices record retention policies, or other facts indicating just how reliable or conclusive the results of those searches" were); Thomas v. NY State Dept. of Corr. Servs., 2003 WL 31164546 (S.D.N.Y., Sept. 30, 2003) (similar to Livingston).

3. It rests on hearsay. Mandeville v. Anderson, 2007 WL 4287724, at *3-4 (D.N.H., Dec. 4, 2007).

## Conclusion

Defendants Motion (Doc. 34) should be denied in its entirety.

Jeremy Pinson #16267-064
USP Coleman-2
PO Box 1034
Coleman FL 33521
Plaintiff

### Certificate of Service

I certify service of this Opposition upon AUSA McCallum via U.S. Mail on Feb. 15, 2021 by delivering to prison officials for mailing.

Jeremy Pinson #16207-064