SKC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jeremy Pinson,

              Plaintiff,

v.

United States of America, et al.,

              Defendants.

No.   CV 20-00070-TUC-RM

**ORDER**

Pending before the Court is Plaintiff's Limited Motion for Reconsideration (Doc. 49.)  Plaintiff seeks reconsideration of the Court's grant of summary judgment as to Defendant United States on Plaintiff's Federal Tort Claims Act ("FTCA") claim in Count One, which the Court dismissed for lack of jurisdiction based on Plaintiff's failure to properly exhaust that claim.  (*See* Doc. 47.)

The Court will grant the Motion and will reconsider in part its April 30, 2021 Order.

**I.      Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that, liberally construed, Plaintiff stated FTCA claims against Defendant the United States in Counts One and Two, and Fifth Amendment due process and equal protection claims for injunctive relief against Defendant United States Penitentiary ("USP")-Tucson Complex Warden Barbara von Blanckensee and a Privacy Act Claim against the Bureau of Prisons ("BOP") in Count Three. (Doc. 14.)

1    Defendants subsequently moved for summary judgment based on failure to exhaust

2    available administrative remedies.  (Doc. 34.)  The Court granted the Motion in part as to

3    Plaintiff's FTCA claim against the United States in Count One and his Privacy Act claims

4    against Defendants von Blanckensee and the BOP in Count Three; the Court denied the

5    Motion in part as to Plaintiff's FTCA claim in Count Two.  (Doc. 47.)  The Court dismissed

6    without prejudice the FTCA claim in Count One for lack of subject-matter jurisdiction due

7    to Plaintiff's failure to first file her claim with the appropriate federal agency, in this case

8    the BOP, and either (1) receive "a conclusive denial of the claim from the agency," or (2)

9    wait "for six months to elapse" without a final decision from the agency regarding her

10   claims.  (Docs. 6, 13 (citing *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011)).)

11   *See Brady v. United States,* 211 F.3d 499, 502 (9th Cir. 2000) (noting that the FTCA

12   exhaustion requirement is jurisdictional and must be strictly adhered to).

13   **II.    Governing Standard**

14          The Court has discretion to reconsider and vacate a prior order.  *Barber v. Hawaii*,

15   42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.***,** 982 F.2d 394, 396

16   (9th Cir. 1992).  Motions for reconsideration are disfavored, however, and are not the place

17   for parties to make new arguments not raised in their original briefs.  *Northwest Acceptance*

18   *Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925– 26 (9th Cir. 1988).    Nor is

19   reconsideration to be used to ask the Court to rethink what it has already thought through.

20   *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above*

21   *the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

22          Under Local Rule of Civil Procedure 7.2,

23          The Court will ordinarily deny a motion for reconsideration of
            an Order absent a showing of manifest error or a showing of
24          new facts or legal authority that could not have been brought
            to its attention earlier with reasonable diligence.  Any such
25          motion shall point out with specificity the matters that the
26          movant believes were overlooked or misapprehended by the
            Court, any new matters being brought to the Court's attention
27          for the first time and the reasons they were not presented

28

- 2 -

earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1).

"Absent good cause shown," a motion for reconsideration must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2).

**III.    Analysis**

Plaintiff argues that her claim in Count One "articulated a series of assaults" she suffered due to BOP staff failing to protect her, including assaults by other prisoners on December 16, 2019 and January 17, 2020, and that she exhausted this claim with the BOP but was unable to produce a copy of the relevant tort claim (Standard Form 95 or "SF-95") at the time of her summary judgment Response. (Doc. 49 at 1−3.) This is because, Plaintiff argues, Defendants transferred her to a different BOP facility during this action and shipped some of her belongings to the wrong prison, thereby cutting off her access to her legal materials. (*Id.* at 2.) Plaintiff also argues that the Court mistakenly required her to provide proof of exhaustion when it is Defendants' burden to show a failure to exhaust. (*Id.* at 4.)

**A.    The Court's Alleged Error**

The Court did not impermissibly shift the initial summary judgment burden onto Plaintiff when it found she had failed to exhaust. Rather, Defendants produced evidence consisting of the declaration of BOP Legal Assistant Lorri Mitchell, who searched for any relevant SF-95s Plaintiff had filed with the agency pertaining to her claim in Count One, and a copy of the January 21, 2020 SF-95 Plaintiff had filed regarding her alleged assaults by other prisoners, which the BOP denied. Based on this evidence, the Court made a legal determination that Plaintiff's January 21, 2020 SF-95, which made no mention of improper conduct by BOP staff, was insufficient to place the BOP on notice of her FTCA claim in Count One and that Defendants had therefore shown that Plaintiff failed to exhaust that

1    claim.  (*See* Doc. 47 at 12−13.)  The burden therefore shifted to Plaintiff to show that she

2    did exhaust.  *See Albino*, 747 F.3d at 1172.

3         Plaintiff never argued in her Response that she had filed any other SF-95s that would

4    create a genuine issue of material fact that she had otherwise properly exhausted her claim

5    in Count One.  The Court nonetheless considered as potential evidence of exhaustion a

6    January 17, 2020 acknowledgement letter Plaintiff had attached to her initial Complaint.

7    In this letter, the BOP acknowledged that it had received an administrative claim, identified

8    as Claim No. TRT-WXR-2020-2413 (*see* Doc. 15-3 at 2), but the Court found that the letter

9    did "not contain any information about Plaintiff's allegations in the underlying SF-95 from

10   which to determine that this claim related, in any way, to Plaintiff's allegations in Count

11   One."  (Doc. 47 at 20.)  Lacking any evidence regarding the content of this SF-95, the

12   Court did not err in finding that Plaintiff had failed to create a genuine issue of material

13   fact that she had properly exhausted her FTCA claim in Count One.[1]

14        **B.    Previously Unavailable Evidence**

15        Plaintiff's arguments for reconsideration ultimately hinge on the purported

16   existence of an SF-95 she filed with the BOP regarding the alleged assaults in Count One

17   which, unlike the SF-95 that the Court found failed to put the BOP on notice of any staff

18   involvement in those assaults, Plaintiff argues contained sufficient allegations of BOP staff

19   misconduct to exhaust her FTCA claim.  Plaintiff has yet to produce a copy of any such

20   SF-95 to make this showing; however, she provides declaration testimony, attesting that

21   this SF-95 "went into a lot of detail and required at least one continuation page," and she

---

23        [1] Plaintiff also did not, in any of her filings, include a denial letter from the BOP to
24   show that this SF-95, even if it did pertain to her allegations in Count One, had been denied,
     thereby clearing the way for Plaintiff to file her FTCA claim.  The Court erroneously
25   construed the date of the acknowledgment letter as January 17, 2021 instead of 2020, and
26   mistakenly concluded that, at the time of summary judgment, six months had also not yet
     passed to allow Plaintiff to proceed with her claim absent a denial letter.  (Doc. 47 at 20.)
27   Although this calculation was in error, it does not change the Court's conclusion that there
28   was, in any event, no evidence that the SF-95 related to Plaintiff's FTCA claim in Count
     One.

attaches a March 31, 2020 denial letter from the BOP, which she offers as proof that the BOP denied this claim, thus making it possible for her to file her FTCA claim.  (Doc. 49-1 at 1 (Pl. Decl.) ¶ 3; Doc. 49-1, Ex. A.)  Plaintiff also declares that "My copy of the original SF-95 claim form remains missing because the BOP shipped my belongings to FCC Hazelton, WV where Ive [sic] never been transferred nor designated to even on a temporary basis.  These papers have been missing since Dec. 4, 2020 from me."  (Doc. 49-1 at 1 (Pl. Decl.) ¶ 4.)

Plaintiff's arguments related to her missing SF-95 and the BOP's purported denial letter of the same are arguments she could have made in response to Defendants' Motion for Summary Judgment and are therefore not an appropriate ground for reconsideration. Moreover, Plaintiff's statements that her missing SF-95 "went into a lot of detail," including an additional page, are completely vague about the content of this SF-95 and therefore still fail to create a question of fact that the SF-95 pertained in any way to her claim in Count One, such that the Court can find she exhausted that claim.

Nonetheless, it is concerning that, during the pendency of this action, the BOP transferred Plaintiff without her legal materials and that many of those materials— including the SF-95 purportedly showing that Plaintiff exhausted her FTCA claim—were taken from Plaintiff at the time of her transfer on December 4, 2020 and have not been returned to her at any time over the past eight months.  This means that, for three months before Defendants filed their Motion for Summary Judgement on February 6, 2021 until after the Court recently ruled on that Motion, Plaintiff has been deprived of access to essential legal materials she compiled to prosecute this action.  Under such circumstances, the missing SF-95 constitutes previously unavailable evidence which may call for reconsideration if the evidence is what Plaintiff purports it to be.

Further, Defendants have now produced a second declaration of Lorri Mitchell in which Mitchell states that, in addition to the January 21, 2020 SF-95 she located at the time of Defendants' Motion for Summary Judgment, pertaining to Plaintiff's alleged assault on January 17, 2020, she has also "located one claim which purports to relate to a separate

December 16, 2019, incident in which inmate Pinson was assaulted by another inmate, and to inmate Pinson's conditions of confinement between December 16, 2019, and January 12, 2019." (Doc. 53-1 at 3 ¶ 5.) Defendants also produce, for the first time, copies of this missing SF-95, dated January 12, 2019, and the BOP's March 31, 2020 denial of the same, which states that the SF-95 was denied and that Plaintiff had six months from the date of that letter to bring suit in the appropriate district court. (Doc. 53-4 at 2−4; Doc. 53-5 at 2.)

Even if these attachments do not ultimately show that Plaintiff exhausted her FTCA claim in Count One, this evidence is clearly relevant to that determination, and because Defendants had sole access to this evidence when they moved for summary judgment, Defendants had an obligation to produce it at the time they filed their summary judgment motion. The Court will therefore reconsider its prior Order on Defendants' Motion for Summary Judgment in light of this previously unavailable evidence. *See* LRCiv 7.2(g)(1) (permitting reconsideration where the Court is provided evidence that the movant "could not have [] brought to its attention earlier with reasonable diligence").

### C.   Exhaustion of Plaintiff's FTCA Claim in Count One

#### 1.   Facts Alleged in Plaintiff's January 12, 2020 SF-95

In her January 12, 2020 SF-95, which the BOP received on January 17, 2020 and denied on March 31, 2020, Plaintiff relevantly alleged the following facts:

On December 14, 2019, prisoner Schawn Cruze made threats to stab and kill other USP-Tucson prisoners, and Plaintiff reported this to Lt. Eastwood and Special Investigative Supervisor ("SIS") Cristinzio. (Doc. 53-4 at 2.) Staff disclosed to Cruze that Plaintiff had provided them this information, which resulted in Cruze sending a note to prisoner Billy Dugard, instructing Dugard to physically attack Plaintiff. (*Id.*) Dugard attacked Plaintiff in the dining hall, and Officer John wrote a false incident report against Plaintiff for fighting, after which Plaintiff was placed in the Special Housing Unit ("SHU"). (*Id.* at 2, 4.) While Plaintiff was in the SHU, Officer T. Schneider called Plaintiff a snitch in front of other prisoners, made jokes about the attack, placed Plaintiff in a cell with another prisoner, Tony Lesley, who sexually assaulted Plaintiff, and directed Cruze to kill Plaintiff.

- 6 -

(*Id.* at 4.)  Plaintiff filed a Prison Rape Elimination Act ("PREA") complaint against Lesley with Dr. Licota, and Dr. Licota separated Plaintiff from Lesley and Dugard, but "staff" deprived Plaintiff of clean clothing, linens, and other hygiene supplies, and verbally harassed her on a daily basis.  (*Id.*)  On January 9, 2020, all disciplinary charges against Plaintiff were expunged, but staff refused to release Plaintiff from the SHU, and they continue to hold her there due to her lawsuits.  (*Id.*)  The Warden, Assistant Warden Salmonsen, and Captain McWhorter continue to hold Plaintiff in the SHU and to reward other prisoners in the SHU with early release for victimizing Plaintiff so that they can keep Plaintiff in the SHU and use her victimization as a reason to try to transfer her.  (*Id.*)

In brief, Plaintiff's SF-95 informed the BOP, at a minimum, that Plaintiff told prison staff, including SIS Cristinzio, that prisoner Cruze had threatened to stab and kill other prisoners; "staff" told Cruze that Plaintiff had said this; and, on December 16, 2019, prisoner Dugard attacked Plaintiff in the dining hall at Cruze's request.  Plaintiff also claimed as damages bruises, swelling to the skull, severe pain, and emotional suffering. (*Id.* at 2.)

### 2. Count One

In Count One, Plaintiff relevantly alleged the following facts:

During a PREA investigation, which began on October 2, 2019, Plaintiff told "USP Tucson staff" that a violent inmate, Schawn Cruze, was threatening her.  (Doc. 15 at 3.) Later, Plaintiff was doing well in the CHALLENGE program until November 27, 2019, when Cruze was released into the general population and began making threats against Plaintiff.  (*Id.*)  Plaintiff spoke to SIS Cristinzio about Cruze, and Cristinzio promised to immediately place Cruze into the SHU to protect Plaintiff, but Cristinzio instead waited two hours to do so.  (*Id.*)  During this time, on December 16, 2019, Cruze was able to place a "contract hit" on Plaintiff though other prisoners, including Dugard, who owed Cruze

1  money for drugs, and Plaintiff was attacked by Dugard, after which Plaintiff and Dugard
2  were sent to the SHU until January 14, 2020.  (*Id.*)[2]

3         **3.**    **Discussion**

4         Plaintiff's allegations against BOP staff in her January 12, 2020 SF-95 are more
5  wide-ranging and not entirely consistent with her allegations regarding what allegedly
6  occurred in Count One of her First Amended Complaint.  As noted, the allegations in this
7  SF-95 also do not extend to anything that allegedly occurred after January 12, 2020, when
8  the SF-95 was filed, and therefore fail to show that Plaintiff exhausted any FTCA claims
9  related to her alleged January 17, 2020 assault.  Additionally, the Court previously
10  discussed on summary judgement whether Plaintiff had exhausted an FTCA claim against
11  BOP staff related to the alleged January 17, 2020 assault in her subsequent, January 21,
12  2020 SF-95 and found that she had failed to do so because that SF-95 contained no
13  allegations regarding staff conduct.  Plaintiff has presented no basis to reconsider that
14  finding.  Therefore, to the extent Plaintiff seeks to bring an FTCA claim against the United
15  States based on the alleged misconduct of BOP staff related to her January 17, 2020 assault
16  or on the basis of any other alleged misconduct that happened after January 12, 2020,
17  Plaintiff has failed to properly exhaust this claim with the BOP, and the Court lacks
18  jurisdiction to hear such a claim.

19         This does not mean, however, that Plaintiff does not have a viable FTCA claim
20  based on the alleged tortious conduct of BOP staff allegedly resulting in her December 16,
21  2019 assault by prisoner Dugard.  In relevant part, Plaintiff's January 12, 2020 SF-95
22  informed the BOP that Plaintiff had told prison staff about Cruze's threats, and staff,
23  including SIS Cristinzio, failed to protect her, leading to her being assaulted by Dugard at
24  Cruze's request and causing her physical and emotional injuries.  These allegations are

---

26        [2] Plaintiff alleges additional facts about a second, January 17, 2020 assault by
27  prisoners Dugard and Oberfeldt, which happened after Plaintiff and Dugard were released
from the SHU on January 14, 2020.  (Doc. 15 at 3.)  These allegations post-date Plaintiff's
28  January 12, 2020 SF-95; therefore, any claims arising from the second alleged assault could
not have been exhausted by that SF-95 and are not relevant to this analysis.

sufficient to give the BOP notice of the nature of Plaintiff's FTCA claim in Count One regarding SIS Cristinzio's and other BOP staff's failure to protect Plaintiff from known threats from Cruze, which resulted in Plaintiff being assaulted on December 16, 2019. Plaintiff therefore properly exhausted this part of her FTCA claim in Count One, and reconsideration of the Court's prior dismissal of that claim is justified.[3]

Defendants argue in their Response to Plaintiff's Motion for Reconsideration, and in an unauthorized Supplemental Response to that Motion (Doc. 56), that reconsideration is improper in this instance because, in seeking reconsideration, Plaintiff argued for the first time that Count One encompasses two separate claims: one for the December 16, 2019 assault, and one for the January 17, 2020 assault, and such "new arguments" are improper on a motion for reconsideration.  (Doc. 53 at 3.)  Additionally, in their "Supplemental Response" Defendants attach a copy of "Plaintiff's First Request for Admissions," received by Defendants on December 10, 2010, to show that, during discovery, Plaintiff only sought admissions regarding the alleged January 17, 2020 assault, not the prior, December 16, 2019 assault that she raised in her January 12, 2019 SF-95.  (Doc. 56 at 2; Doc. 56-1.)

These and other similar arguments Defendants make in their Response regarding Plaintiff's apparent "state of mind" about Count One may explain Defendants' failure to produce Plaintiff's January 12, 2019 SF-95 when they moved for summary judgment based on failure to exhaust, even though this SF-95 and the BOP's denial letter of the same were relevant to that Motion.  But Defendants' arguments about what Plaintiff may have

---

[3] Plaintiff's failure to plead separate FTCA claims based on the alleged tortious actions of BOP staff that she raised in each SF-95 has made the task of discerning which claims she exhausted in this action needlessly difficult.  The Court is, however, mindful of the Ninth Circuit's admonition that courts must "construe *pro se* filings liberally," and it has applied that approach here to separate out the relevant, exhausted claim in Count One. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Nonetheless, Plaintiff should be aware, in any future filings, that she must plead one claim per count and be able to point to specific evidence that she exhausted each separate claim.

secondarily conveyed about her state of mind regarding Count One are immaterial to whether Plaintiff properly exhausted her FTCA claim in that Count and are not a reason to reject Plaintiff's Motion for Reconsideration based on new evidence.

Instead, whether Plaintiff properly exhausted her FTCA claim in Count One is properly determined from the allegations in the operative pleadings themselves, and from Plaintiff's previously unavailable January 12, 2020 SF-95, which the undisputed evidence now shows the BOP denied, clearing the way for Plaintiff to file suit. Considering this evidence, Plaintiff sufficiently placed the BOP on notice of her claim in Count One arising from BOP staff members' alleged failure to protect her from assault on December 16, 2019. And, taken together with the BOPs March 31, 2020 letter denying that SF-95, the evidence shows Plaintiff properly exhausted that claim.

Based on the above, the Court will reconsider its April 30, 2021 Order to the extent that it will grant in part and deny in part Defendants' Motion for Summary Judgment as to Plaintiff's FTCA claim in Count One.

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Reconsideration (Doc. 49) is **granted** to the extent that the Court **reconsiders** its April 30, 2021 Order as follows:.

(2)     Defendants' Motion for Summary Judgment (Doc. 34) is **granted** in part as to Plaintiff's FTCA claim in Count One, and the claim is **dismissed** for lack of subject-matter jurisdiction to the extent it relies on any allegations of staff misconduct that took place after January 12, 2019.

(3)      Defendants' Motion for Summary Judgment (Doc. 34) is **denied** in part as to Plaintiff's FTCA claim in Count One to the extent that that claim relies on allegations that BOP staff failed to protect Plaintiff from known threats, which resulted in Plaintiff being assaulted on December 16, 2019.

. . . .

. . . .

1    (4)    Plaintiff's remaining claims in this action are her FTCA claims against

2    Defendant the United States in Count One, as construed above, and Count Two.

3    (5)    Plaintiff's Motion for Leave to File Reply to Response to Limited Motion for

4    Reconsideration (Doc. 57) is **denied as moot**.

5    Dated this 29th day of June, 2021.

6

7

8

9    _____

10   Honorable Rosemary Márquez
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28