**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-20-00070-TUC-RM |
|        Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
|        Defendant. | |

Pending before the Court are Plaintiff's Motion to Amend Scheduling Order Limits (Doc. 87) and Motion for Leave to File Motion for Protective Order and Access to Video (Doc. 84).

**I.     Motion to Amend Scheduling Order Limits**

On October 13, 2021, the Court granted Plaintiff leave to file a Motion to Amend Scheduling Order Limits.   (Doc. 86; *see also* Doc. 87.)   The Court considered Defendant's Response to Plaintiff's Motion for Leave (Doc. 80) as a Response to the substance of the Motion to Amend Scheduling Order Limits, and the Court allowed Plaintiff to file a Reply in support of the Motion.  (Doc. 86 at 2-3; *see also* Doc. 90.)

In her Motion to Amend Scheduling Order Limits, Plaintiff asks the Court to expand the limits on discovery set forth in the Court's Scheduling Order so as to allow Plaintiff to conduct discovery on Count One, which was originally dismissed on summary judgment for lack of subject-matter jurisdiction but partially reinstated upon reconsideration of the summary judgment order.  (Doc. 87; *see also* Docs. 47, 59.)

1    Specifically, Plaintiff asks that she be permitted the nine additional requests for
2    admission and two additional requests for production contained in her July 15, 2021
3    discovery request.  (Doc. 87 at 2.)

4        In response, Defendant argues that Plaintiff chose to use the majority of her
5    allotted discovery requests on Count Two even though she had moved to reinstate Count
6    One, and that the Court should not reward her for her failure to follow the Scheduling
7    Order's clear limits on discovery.  (Doc. 80 at 3.)  In reply, Plaintiff argues that the
8    number of discovery requests she devoted to Count Two was reasonable because at the
9    time of those discovery requests, it was not clear whether Count One would be reinstated.
10   (Doc. 90.)

11       Both Defendant and Plaintiff raise arguments that have some merit.  Plaintiff
12   could have reserved a larger number of discovery requests until the Court's resolution of
13   her motion seeking reinstatement of Count One; however, doing so would have delayed
14   discovery on Count Two, and it was not certain at the time whether Count One would be
15   reinstated.  Because both parties' arguments have some merit, the Court will partially
16   grant Plaintiff's Motion and will permit Plaintiff four additional requests for admission
17   and one additional request for production.

18   **II.    Motion for Leave to File Motion for Protective Order and Access to Video**

19       In her Motion for Leave to File Motion for Protective Order and Access to Video
20   (Doc. 84), Plaintiff requests leave to file a discovery dispute motion (lodged at Doc. 85)
21   addressing Plaintiff's request for a protective order and Plaintiff's access to video
22   evidence.  Plaintiff avers that on either May 6 or 13, 2021, she asked Defendant's counsel
23   to agree to a protective order but that Defendant's counsel did not respond to her request.
24   (Doc. 84 at 1; Doc. 85 at 1.)  Plaintiff further avers that Defendants raised a Privacy Act
25   objection to her Request for Production of Documents ("RFP") number 3.  (Doc. 85 at 2.)

26       In response, Defendant argues that Plaintiff fails to address its other objections to
27   RFP 3, namely that RFP 3 "is vague, ambiguous and overbroad, unduly burdensome, not
28   relevant to any party's claim or defense, [and] not proportional to the needs of the case."

(Doc. 88 at 3; Doc. 88-1 at 3.)  Defendant also notes that Plaintiff requested Defendant stipulate to a protective order prior to Defendant's response to RFP 3, and that Plaintiff did not again raise the issue after receiving the response to RFP 3.  (Doc. 88 at 5.) Defendant argues that Plaintiff fails to even allege that she made a sincere effort to resolve this discovery dispute.  (*Id.*)  Defendant also notes that Plaintiff's Motion for Leave to File Discovery Motion does not mention the video access issue that is raised in the lodged Motion for Protective Order.  (*Id.* at 3.)

In reply, Plaintiff argues that she has done her best to obtain defense counsel's cooperation, and she accuses defense counsel of opposing her at every juncture.  (Doc. 89 at 1-2.)  Plaintiff also argues that her attempt to resolve Defendant's other objections to RFP 3 "went nowhere."  (*Id.* at 3.)  In support of the latter argument, Plaintiff attaches a letter from defense counsel dated October 13, 2021.  (Doc. 89-2.)  In the letter, defense counsel notes that Plaintiff seeks to obtain a protective order or Privacy Act waiver, but that a protective order would not resolve Defendant's other objections "that RFP 3 is vague, ambiguous and overbroad, unduly burdensome, not relevant to any party's claim or defense and not proportional to the needs of the case."  (*Id.* at 2.)

Nothing in Plaintiff's Motion, Reply, or Defendant's October 13, 2021 letter indicates that Plaintiff made a sincere effort to resolve Defendant's other objections to RFP 3 through personal consultation.  Because the issuance of a protective order would not resolve all of Defendant's objections to RFP 3, and because Plaintiff has not shown that she made a sincere effort to resolve the other objections through personal consultation before seeking to file a discovery dispute motion, the Court will deny without prejudice Plaintiff's Motion for Leave to the extent it seeks to file a discovery dispute motion concerning the protective order issue.  The Court will also deny without prejudice the Motion for Leave to the extent it seeks to file a discovery dispute motion concerning the video access issue, as Plaintiff has not shown that she made any effort to resolve that issue through personal consultation with defense counsel prior to seeking leave to file a discovery dispute motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Scheduling Order Limits (Doc. 87) is **partially granted**.   Plaintiff is permitted four additional requests for admission and one additional request for production.   Within **ten (10) days** of the date this Order is issued, Plaintiff shall notify Defendant which requests, within these limits, she would like Defendant to respond to.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Motion for Protective Order and Access to Video (Doc. 84) is **denied without prejudice**.   The Clerk of Court shall NOT file the lodged Motion for Protective Order and Access to Video.

Dated this 29th day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge