WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-20-00070-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Jeremy Pinson's Renewed Motion for Leave to File Discovery Motion. (Doc. 94.) Defendant filed a Response in opposition (Doc. 96), Plaintiff filed a Reply (Doc. 97), and Defendant filed a Supplemental Response (Doc. 98).[1] For the following reasons, the Motion will be partially granted.

**I.  Background**

In the remaining claims in this action, Plaintiff sues Defendant United States of America pursuant to the Federal Tort Claims Act, alleging that United States employees failed to protect Plaintiff from a December 16, 2019 inmate assault and denied her pain medication and follow-up medical care after a subsequent January 17, 2020 inmate assault. (*See* Docs. 14, 15, 47, 59.)

On August 9, 2021, Plaintiff filed a Motion for Leave to File Discovery Motion

---

[1] Although the filing of a Supplemental Response is not contemplated by the Local Rules of Civil Procedure and Defendant did not seek leave of Court to file the Supplemental Response, the Court nevertheless in its discretion will consider the Supplemental Response, as it contains pertinent information concerning events that occurred after the filing of Defendant's Response.

(Doc. 64), seeking leave of Court to file a proposed Motion for Telephonic Conference (lodged at Doc. 65). In the proposed Motion for Telephonic Conference, Plaintiff complained that her ability to litigate this and other cases was being hindered by a lack of access to a photocopier and pencil sharpener as well as limited access to envelopes, phone calls, computers, and the law library. (Doc. 65.) She also complained that defense counsel refused to agree to a joint protective order and that the parties were at an impasse on "many" of Defendant's objections to discovery requests. (*Id.*) The Court denied the Motion because it failed to specify the parties' discovery disputes and did not describe any sincere efforts to resolve the disputes through personal consultation. (Doc. 71 at 2.)[2]

On September 10, 2021, Plaintiff filed another Motion for Leave to File Discovery Motion (Doc. 77), seeking leave of Court to file a proposed Motion to Compel Discovery addressing Defendant's objections to various requests for production (lodged at Doc. 78). The Court denied the Motion for Leave without prejudice as it appeared from Defendant's Response that further personal consultation could resolve or narrow the parties' disputes. (Doc. 86 at 3.)

On October 4, 2021, Plaintiff filed a Motion to Seal (Doc. 82), seeking to file under seal witness declarations (lodged at Doc. 83) that she had agreed during her deposition to provide to Defendant. The Court denied the Motion to Seal without prejudice because Plaintiff had not explained why the witness declarations needed to be filed with the Court rather than simply disclosed to Defendant. (Doc. 86 at 3.)

Also on October 4, 2021, Plaintiff filed another Motion for Leave to File Discovery Motion (Doc. 84), seeking leave of Court to file a Motion for Protective Order and Access to Video (lodged at Doc. 85). The Court denied the Motion without prejudice, finding that the issuance of a protective order would not resolve all of Defendant's objections to the Request for Production ("RFP") to which Defendant had raised a Privacy Act objection, and that Plaintiff had not shown that she had made a sincere effort to resolve Defendant's other objections to that RFP through personal

---

[2] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

consultation. (Doc. 91 at 3.) The Court further found that Plaintiff had failed to show that she had made any effort to resolve her issue concerning video access through personal consultation. (*Id.*)

Discovery in this case closed on October 29, 2021. (Doc. 71 at 3.)

## II. Renewed Motion for Leave to File Discovery Motion

Approximately one month after the close of discovery, Plaintiff filed the pending Renewed Motion for Leave to File Discovery Motion. (Doc. 94.)[3] In the Motion, Plaintiff argues that defense counsel has never agreed to a change in her position on a discovery dispute for any reason absent a court order. (*Id.* at 1.) Plaintiff also complains that her lack of access to "the basic tools of litigation" constrains her ability to engage in personal consultation with defense counsel, and that she has had to begin selling her meals in order to obtain litigation tools. (*Id.* at 2.) Plaintiff avers that she attempted to resolve Defendant's objections to Plaintiff's RFPs via letters and a telephone call. (*Id.* at 4-5.) She complains that Defendant disclosed video evidence to her, but the video was encrypted and password-protected, preventing Plaintiff from viewing it. (*Id.* at 5-6.) Plaintiff also explains that she sought to file witness declarations under seal instead of simply disclosing them to defense counsel because she lacks access to a photocopier and defense counsel would not have been under any obligation to return the witness declarations for Plaintiff's future use. (*Id.* at 6-7.) Plaintiff avers that the following matters remain in dispute:

1. Are the objections asserted by the defense correct and sustainable?
2. How can the objections be overcome if not by the Court?
3. How can defendants be acting in good faith if discovery is produced after such evidence has been encrypted and password protected rendering it unviewable by plaintiff?
4. Have defendants performed adequate searches for requested evidence?
5. How can plaintiff supply the defense with evidence without a photocopier?
6. How can plaintiff respond to the validity of [the defense's] objections with evidence the defense has produced which [is] completely redacted (see Ex. 2)?
7. Was making secret copies appropriate?

(*Id.* at 8.)

---

[3] The Motion was filed on December 3, 2021, but the Certificate of Service indicates Plaintiff placed it in the mail on November 25, 2021. (Doc. 94 at 13.)

In response, Defendant avers that it served an Amended Response to Plaintiff's RFPs on September 2, 2021 and sent Plaintiff a letter explaining the Amended Response. (Doc. 96 at 2; *see also* Docs. 74, 81-1.) Plaintiff responded with a letter dated September 13, 2021 which requested that Defendant explain the process for each of its searches; defense counsel sent a letter explaining the search processes. (Doc. 96 at 2; *see also* Doc. 96-2.) Plaintiff then sent another letter, which Defendant characterizes as "an attempt to escalate" the parties' discovery disputes rather than a sincere effort to resolve them. (Doc. 96 at 2-3; *see also* Doc. 96-3.) Defendant argues that Plaintiff's Renewed Motion for Leave to File Discovery Motion should be denied because Plaintiff's letters do not constitute a sincere effort to resolve the parties' discovery disputes. (Doc. 96 at 5.) Defendant avers that it is unaware of what is contained in Plaintiff's Motion to Seal or the lodged witness declarations. (Doc. 96 at 3.) Defendant further avers that defense counsel provided the password for the video sent to Plaintiff's Unit Team, and that defense counsel also sent a third copy of the video, which Plaintiff was supposed to have been able to view on December 20, 2021. (Doc. 96 at 3.)

In her Reply, Plaintiff disputes Defendant's characterization of her letters as attempting to escalate rather than resolve the parties' disputes, and she avers that she was not given an opportunity to view the video on December 20, 2021. (Doc. 97.) In its Supplemental Response, Defendant attaches a declaration by Douglas Brazill stating that Plaintiff viewed the video at issue on January 7, 2022 and may ask her Unit Team to view the video again if she desires to do so. (Doc. 98-1.)

**III.  Legal Standard**

Pursuant to Rule 7.2(j) of the Local Rules of Civil Procedure, "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter."  Furthermore, this Court's Scheduling Order states that neither party may file a written discovery motion without leave of Court. (Doc. 30 at 2.) "In the event of a dispute over discovery matters, the

1    parties must engage in personal consultation regarding the dispute and must make a
2    sincere effort to resolve the conflict expeditiously." (*Id.* at 2-3.) If a dispute cannot be
3    resolved through personal consultation, "either party may file a request for a telephonic
4    conference or for permission to file a written discovery motion." (*Id.* at 3.) Any such
5    request "must specify the result of the parties' personal consultation and the matter(s)
6    remaining in dispute." (*Id.*)

7    As discovery in this case had already closed when Plaintiff filed her Renewed
8    Motion for Leave to File Discovery Motion, Plaintiff must also satisfy the standard for
9    amending the Scheduling Order to re-open discovery. Pursuant to Federal Rule of Civil
10   Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with
11   the judge's consent." To satisfy this "good cause" standard, a party must show that the
12   pretrial schedule "'cannot reasonably be met despite'" her diligence. *Johnson v.*
13   *Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16
14   advisory committee's notes to 1983 amendment). The following factors should be
15   considered in ruling on a motion to amend a Rule 16 scheduling order to re-open
16   discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

21   *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

22   **IV.    Discussion**

23   The Court finds, based on the parties' correspondence dated October 7, 2021 and
24   November 6, 2021, that Plaintiff was diligent in seeking to obtain discovery within the
25   discovery deadline. Plaintiff's November 6, 2021 letter indicates that delays in the
26   processing of prison mail resulted in an approximately one-month delay in Plaintiff's
27   receipt of Defendant's October 7, 2021 letter. (Doc. 96-3 at 2.) Because Plaintiff did not
28   receive Defendant's letter until after the close of discovery in this case, and she

immediately responded once she received the letter, the Court finds that Plaintiff was sufficiently diligent in attempting to resolve her discovery disputes with Defendant in a timely manner. Furthermore, a trial date in this matter has not yet been set, and Defendant does not argue that it would be prejudiced by the re-opening of discovery. Accordingly, the Court finds that Plaintiff has shown good cause to re-open discovery for the limited purpose of addressing her discovery disputes. *See City of Pomona*, 866 F.3d at 1066.

The Court also finds, based on Plaintiff's November 6, 2021 letter, that Plaintiff has sufficiently attempted to resolve through personal consultation her disputes as to RFPs 3, 4, 6, 7, and 8, as well as her request for a copy of the transcript of her deposition. In her letter, Plaintiff reiterated her request that Defendant send her a copy of the transcript of her deposition, arguing that such a request is encompassed by Rules 26 and 34 of the Federal Rules of Civil Procedure. (Doc. 96-3 at 4.) Plaintiff explained why she believes Defendant must conduct a search for documents responsive to RFP 3, and she suggested that Defendant ask Jeremy Ulrich if he possesses documents responsive to RFP 4. (*Id.* at 4-5.) Plaintiff also argued that RFPs 6, 7, and 8 seek relevant information and are proportional to the needs of the case. (*Id.* at 5-6.)

Plaintiff's request that Defendant send her a free copy of her deposition transcript is without merit because Plaintiff's *in forma pauperis* status does not entitle her to free copies of deposition transcripts; courts routinely deny requests to compel production of free copies of deposition transcripts through discovery. *See, e.g.*, *St. Hilaire v. Winhelm*, 79 F.3d 1154, at *2 (9th Cir. Mar. 18, 1996) (mem.) ("There is no statutory requirement for the government to provide a litigant proceeding *in forma pauperis* with copies of deposition transcripts."); *Brookins v. Hernandez*, No. 1:17-cv-01675-AWI-SAB (PC), 2020 WL 949503, at *3 (E.D. Cal. Feb. 27, 2020) (finding plaintiff's *in forma pauperis* status did not entitle him to a free copy of his deposition); *Brown v. Johnson & Johnson, Inc.*, No. 1:17-cv-01285-AWI-EPG, 2018 WL 5734531, at *3 (E.D. Cal. Oct. 31, 2018) ("A defendant is not required to provide the plaintiff with a copy of deposition

- 6 -

transcripts."). Accordingly, the Court declines to allow Plaintiff to file a discovery dispute motion concerning her request for a free copy of her deposition transcript.

However, the Court will allow Plaintiff to file a motion to compel concerning RFPs 3, 4, 6, 7, and 8 discussed in Plaintiff's November 6, 2021 letter, as the parties have engaged in sincere efforts to resolve their disputes concerning those RFPs through personal consultation and further personal consultation is unlikely to resolve or narrow the disputes. Plaintiff's motion to compel may address Defendant's objections to RFPs 3, 4, 6, 7, and 8, as well as the reasonableness of Defendant's search for documents responsive to those RFPs. Because Plaintiff avers that she lacks access to a photocopier, the Court will require Defendant to file a copy of the RFPs at issue and Defendant's responses thereto.

Based on Defendant's Supplemental Response (Doc. 98), and the declaration attached thereto (Doc. 98-1), it appears that the parties' dispute concerning Plaintiff's ability to view the video of the December 16, 2019 incident has been resolved.

In an effort to reach a just and efficient resolution of this litigation, the Court will direct the Clerk of Court to mail Defendant a copy of the witness statements lodged at Document 83, as it appears from Plaintiff's filings that Plaintiff intended to disclose those witness statements to Defendant.

## V. Pending Motion for Summary Judgment

Defendant filed a Motion for Summary Judgment on January 14, 2022. (Doc. 99.) Plaintiff's Response is due on or before February 18, 2022. (Doc. 103.) If Plaintiff believes that she cannot present facts essential to justify her opposition to the Motion for Summary Judgment given the pending discovery disputes concerning RFPs 3, 4, 6, 7, and 8, Plaintiff may seek relief under Federal Rule of Civil Procedure 56(d).

**IT IS ORDERED** that Plaintiff's Renewed Motion for Leave to File Discovery Motion (Doc. 94) is **partially granted**, as follows:

1. Within **thirty (30) days** of the date this Order is filed, Plaintiff may file a motion to compel addressing RFPs 3, 4, 6, 7, and 8, including Defendant's

objections thereto and the reasonableness of Defendant's search for documents responsive thereto.

2. Defendant shall file a response within **fourteen (14) days** of the filing of Plaintiff's motion to compel. Defendant shall attach to its response a copy of the RFPs at issue and Defendant's responses thereto.

3. No reply shall be permitted absent further Order of the Court.

4. Discovery is re-opened for the limited purpose of addressing Plaintiff's disputes concerning RFPs 3, 4, 6, 7, and 8.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Defendant a copy of the lodged witness declarations lodged at Document 83. Defendant may use the witness declarations for purposes of this litigation only and shall not further disclose them absent leave of Court.

Dated this 2nd day of February, 2022.

_____
Honorable Rosemary Márquez
United States District Judge