United States District Court

District of Arizona

Jeremy Pinson,
        Plaintiff,

v.

United States of America,
        Defendant



Case No. CV 20-00070-TUC-RM

## Motion to Compel Discovery Per Court Order

Comes now the plaintiff, pro se, pursuant to Fed.R.Civ.P. 37 and the Court Order (Doc. 107) directing plaintiff to file this Motion and seeks an Order compelling defendants to search for and to produce discovery on Requests For Production 3,4,6, 7 and 8. Plaintiff also seeks a number of forms of relief in connection with this motion to facilitate resolution of these discovery issues as well as the attendant hurdles of litigating a case from a prison, by a prisoner, involving evidence the prison seeks to hide.

-1-

<u>Arguments</u>

A. Legal Standards

" The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." Olmos v. Ryan, Case No. CV-17-3665-PHX-GMS (JFM)(D. Ariz., Apr. 17, 2020) (citing Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)). " The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." <u>Olmos</u> (quoting DIRECTV Inc., v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

B. <u>Defendants Objections Were Not Proper In Boilerplate Form</u>

While no talismanic language is required to state a valid objection, Rule 34 (b)(2)(B) requires that in responding to a request for production a party must " state with

Specificity the grounds for objecting to the request, including the reasons." Indeed, even prior to the 2015 amendments which adopted that portion of Rule 34 Courts routinely held that boilerplate objections such as "overly burdensome" or "irrelevant" were, without explanation, insufficient. "However, the mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection" And, "On the contrary, the party resisting discovery" must show specifically how each [discovery request] is not relevant or how each question is overly broad, burdensome or oppressive"" Olmos, (Citing Josephs v. Harris Corp., 677 F-2d 985, 992 (3d Cir. 1982) (quoting Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D.Pa. 1980)). See also, A. Farber & Partners Inc. v. Garber, 234 F.R.D. 186, 188 (C.D.Cal. 2006); Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276 (N.D.Cal. 2015); St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000); and cases cited therein.

Defendant supplied hundreds of pages in response to all plaintiff's Rule 34 requests, all of which contained a small or near total amount of redactions. None of the redactions were explained, none were labelled as to which objections applied to which redactions, and the objections to Request No's. 3,4,6,7, and 8 did not meet neither of the requirements in Rules 34 (b)(2)(B) and (C).

With regard to specificity, Defendant offered no reasons for the objections. Indeed, Defendants responses of 'overbroad and unduly burdensome' or similar boilerplate objections provided no means for plaintiff to identify the nature of Defendant's concern or how to restate her request to make it fall (in defendants' eyes) within the rules. While such approaches may be smart tactically (leaving a respondent to concoct the basis for objection after seeing a motion to compel), they are in contravention of the Rules' policy in favor of full discovery. Farnsworth, 758 F.2d at 1547.

C. <u>Request For Production No. 8:</u>

1. Plaintiff requested "all Federal Tort Claims filed with the Western Regional Office of Regional Counsel since 2018, involving claims relating to medical care at USP Tucson."

2. <u>Defense Objections:</u>

a. <u>"not relevant to any party's claim or defense"</u>

<u>Plaintiff's Challenge:</u> Apart from the arguable waiver from failure to identify the reasons for the objection, the defense has no basis to convince the Court that the requested information is not relevant. See Fed. R. Evid. 404(b) (allowing evidence of other acts to prove, inter alia, intent, plan, knowledge, etc.); Fed. R. Evid. 406 (allowing evidence of routine practice to show action in accordance with practice).

b. <u>"Unduly burdensome"</u>

<u>Plaintiff's Challenge:</u> Apart from the arguable waiver from failure to identify the reasons for the objection, "unduly burdensome" is not "a magic incantation that

allows prison officials to refuse to participate in the litigation process." See Pettit v. Ryan, No. CV 112139-DGC-JFM, 2012 WL 13167975, at *2 (D. Ariz., Dec. 20, 2012). None of plaintiffs efforts to narrow the scope of this request or obtain defendants' cooperation were met with any success. The defendant did not indicate it ever began a search nor how it would have conducted one before ambiguously claiming it was "unduly burdensome."

C. "requests law enforcement sensitive materials or other investigative materials that are irrelevant to the claims alleged in this lawsuit"

Plaintiff's Challenge: Aside from the fact defendants Waiver from failure to identify the reasons for the objection, it is entirely unclear how tort claims filed by inmates or their representatives (who are not law enforcement officials) filed pursuant to the FTCA contain "law enforcement sensitive materials or other investigative materials". Since defendants provide no details of who conducted a search, when,

how, or where, nor what was located and to which portions of what was located the objection applies the objection was in bad faith.

d. "not proportional to the needs of the case."

Plaintiffs Challenge: Apart from the arguable waiver from failure to identify the reasons for the objection, the defendants objection is improper. The revised advisory committees note to the 2015 Amendment (" Changes t the rule are not intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional" See Hawthorne v. Bennington, No. 16-cv-235-RCJ (D. Nev., July 8, 2020)(rejecting boilerplate objection of "not proportional" as a "menacing scourge on the legal profession."). Also 8B Charles Alan Wright & Arthur R. Miller, Fed. Practice And Procedure ℓ 2262 (3d ed. 2020). This is a case involving claims that Nurse Schuler acted in a manner that was negligent. If prior claims under the FTCA involved Schuler and alleged similar

facts of negligence or malpractice in USP Tucson's
Medical Department from 2018 until 2020 when this
case was filed that evidence is relevant. And, as
this Court is aware there is public evidence this
may be the case. See e.g. Cobler v. United States,
Case No. 19-CV-00348-TUC-RM (D. Ariz., Nov. 8,
2019)(Screening Order alleging medical neglect/malpractice);
Barnes v. Shartle, et al., Case No. 18-CV00491-TUC-CKJ
(D. Ariz.)(same); also, Tilley v. Silva et al., Case No. CV
15-00181-TUC-CKJ (D. Ariz., July 13, 2018)(Order denying
Summary Judgment in FTCA case involving USP Tucson
Inmate).


e. "Attorney client and attorney work product privileges"


Plaintiffs Challenge: Aside from the arguable waiver
from the failure to identify the reasons for the USA's
Objection, the Objection is improper. The work
product doctrine generally protects "from discovery
documents and tangible things prepared by a party
or his representative in anticipation of litigation."
United States v. Richey, 632 F.3d 559, 567 (9th

(Cir. 2011). "The purpose of the work-product rule is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials" ~~Clerks~~ Twitchell v. Allied Pilots Ass'n, Case No. CV 16-00493-TUC-DCB (D.Ariz., Mar. 6, 2019) (quoting Wright, Miller, Kane & Marcus, 8 Fed. Prac. & Proc. Civ. & 2024 (3d ed.)). The claims of inmates, submitted pursuant to 28 CFR 14.3, 14.4 are not evidence prepared by the United States or its employees but as with (a) and (d) before this are relevant to the plaintiffs claims. This objection lacks any merit.

f. "Overbroad" and "not discoverable"

Plaintiff's Challenge: Apart from the arguable waiver from failure to identify the reasons for the objection, a request of this nature is discoverable. The information contained in FTCA claims is highly relevant and not overbroad. There are numerous factual issues in dispute regarding how USP Tucson's medical staff operated, how staff treated inmates, and whet

Staff followed the official policies and procedures of BOP as well as with regard to inmate safety and security. In Shorter v. Samuels, the Court held these type of evidentiary materials are discoverable as, "What is wholly missing from the discovery so far is information from the inmates who lived in SHU during the time period leading up to the assault." "The documents sought here are vital to plaintiffs claims because they contain the inmates' version of what was happening in the SHU, and, critically, what "defendants knew" yet "failed to take steps to stop it." "This information is needed to resolve factual disputes" and "plaintiff lacks any other means to obtain this information." Case No. 16-CV-1973 (M.D. Pa., Mar. 17, 2021), 2021 U.S.Dist.LEXIS 49892 (all).

In Beck v. City of Pittsburgh, 89 F.3d 966, 973 (3d Cir. 1996), the Third Circuit held that prior written complaints regarding the use of excessive force by an individual officer " were sufficient for a reasonable jury to infer that the Chief of

Police of Pittsburgh and his department knew, or should have known, of " the misbehavior. Also see, Farmer v. Brennan, 511 U.S. 825, 834 (1994)(evidence relating the prevalence of violence could show knowledge of prison defendants about the risk of harm to the inmates). Finally, it is discoverable because it would lead to the identification of potential witnesses with relevant information about the problem of medical negligence in SHU. A two-year period of time is not overbroad or unduly burdensome as courts of appeals have held that a <u>five</u>-year period of time is in line with the general temporal limits established for discovery from the date on which the allegedly tortious conduct occurred. See Fassett v. Sears Holding Corp., 319 F.R.D.143, 157 (M.D.Pa. 2017)(citing Miller v. Hygrade Food Prods. Corp., 89 F.Supp.2d 643, 657 (E.D.Pa.2000)(collecting cases)). See also, Bates v. Michelin N.Am., Inc. No. 1:09-cv-3280-AT, 2012 WL 453233, at * 2 (N.D.Ga., Jan. 13, 2012)(four years); Gassaway v. Jarden Corp., 292 F.R.D. 676, 682 (D.Kan. 2013)(nine years).

D. Request For Production No. 7:

1. Plaintiff requested " All administrative remedy requests or appeals filed at (1) USP Tucson, (2) Western Regional Office, (3) BOP Office of General Counsel, Since 2018, which (1) directly mention Nurse Schuler, and/or, (2) involve complaints relating to Medical care at USP Tucson".

2. Defense Objections :

Because the Objections to RFP 7 were identical to RFP 8, so too, are the plaintiff's Challenges to RFP 7's objections reasserted here identically.

E. Request For Production 6 :

1. Plaintiff requested, " All documents or electronically Stored information relating to complaints Mentioning Nurse Schuler maintained by the following: (1) BOP

Office of Internal Affairs, (2) USP Tucson SIA, (3) USP Tucson SIS Office, (4) USP Tucson Health Services Department, generated or maintained since 2018 involving plaintiff."

2. Defense Objections:

(a). The identical objections relied upon in RFP 8 were invoked again as to RFP 6 (like RFP 7) and therefore plaintiff's challenges remain identical as well except as otherwise set forth hereafter.

(b). The heavily redacted 4 pages of information the Government produced are completely silent as to which redactions were applied upon the basis of which objections.

F. Request For Production 4:

1. Plaintiff requested "all documents relating to Plaintiff's authorization to be escorted to and from USP Tucson on January 17, 2020

to Tucson Medical Center."

2. <u>Defense Objections</u>:

(a) Objections (c), (e), ~~and~~ of RFP 8 were reasserted, verbatim, against RFP 4. As such, plaintiff's challenges to Objections (c) and (e) of RFP 8 are hereby reasserted as to RFP 4 as well.

(b) Additionally, the Government claims it could not locate any responsive evidence as to RFP 4. Plaintiff believes this is as a result of USA's use of boilerplate objections and an unreasonable search.

28 CFR 570.40 and BOP Program Statement 5538.07 entitled "Escorted Trips" (dated 12/10/15) outline the procedures for "approved inmates with staff-escorted trips into the community for such purposes as receiving medical treatment."

28 CFR 570.41 (c) states "a medical escorted trip is prepared by medical staff, forwarded through the appropriate staff for screening and clearance, and then submitted to the Warden

for review."

Program Statement 5538.07 goes even further, "staff Seeking approval complete an escorted Trip Authorization (BP-A0502) and route it and the Inmates Central File through" the CMC, SIS Supervisor or SIA, Captain, Unit Manager and Associate Warden. It Also says "The Regional Director must be notified Of any medical escorted trip for a Maximum Custody inmate."

Finally, there are specific records retention requirements ~~[redacted]~~ to all forms and documents involved in P.S. 5538.07 escort trips. (id).

AUSA Faulk asserts only boilerplate objections. "Though boilerplate objections are relatively common in modern civil litigation, the legal community Can take steps to curb their use. Attorneys and Judges alike must recognize the costs these Objections impose on the efficient administration Of justice and on the legal profession. Only with

Such an understanding, and an attendant willingness to effectively penalize those who issue boilerplate objections, can their use be reduced. Hopefully, with an increased focus on preventing abusive discovery practices, including boilerplate objections, the legal profession can move toward fairer, more effective discovery practices." Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. at 936 (2013). All the objections used by AUSA Faulk are taglines, completely devoid of any individualized factual analysis. Often times she uses them repetitively in response to multiple discovery requests. Their repeated use as a method of effecting highly uncooperative, scorched-earth discovery battles has earned them the nicknames "Shotgun" and "Rambo"-style objections. The nicknames are indicative of the federal courts' extreme disfavor of these objections. This view is not entirely idiosyncratic or even new. See, e.g:

(1) Stanley P. Santire, "Discovery Objections Abuse In Federal Courts", 54-Aug Hous. Law. 24 (2016);

(2) John S. Beckerman, Confronting Civil Discovery's Fatal Flaws, 84 Minn. L. Rev. 505, 585 (2000)

(3) Hon. Paul W. Grimm and David S. Yellin, A Pragmatic Approach to Discovery Reform, 64 S.C. L. Rev. 495 (2013)

If the abusive objections were new for BOP lawyers, the plaintiff might not be so upset by it. But this tactic led U.S. District Judge Michael W. Fitzgerald on April 29, 2021 to note "I don't intend to connive with the Bureau of Prisons in running out the pandemic clock through discovery disputes" in Wilson v. Ponce, Case No. CV-20-4451-MWF (C.D.Cal.). The idea that "boilerplate" objections preserve any objections is an "urban legend". See Carmichael Lodge No. 2103, Benevolent & Protective Order of Elks of Am. v. Leonard, No. CIV-S-07-2665-LKK-GGH, 2009 WL 1118896, at *4 (E.D. Cal. Apr. 23, 2009). Or as

Chief Justice Menis E. Ketchum II of the West Virginia Supreme Court of Appeals had particularly harsh yet insightful condemnations for such practices, " Many federal Courts have opined that 'subject to' or 'without waiving' objections are misleading, worthless and without legitimate purpose or effect." (Impeding Discovery : Eliminating Worthless Interrogatory Instructions and Objections, 2012-Jun. W. Va. L. 18, 19 (2012)).

The plaintiff is not a lawyer. But even by process of trial and error in federal courts for 16 years litigating her claims learning the rules, laws, and practices she has learned that just because a lawyer employed by the DOJ or BOP went to law school and passed the bar does not mean they will play fair. Counsel has not played fair, and borrowing from the words of a former U.S. Attorney General in a different context I must insist that the behavior be addressed. " Each time a [Person] stands up for an ideal, or acts to improve the lot of others, or strikes out against Injustice, [they] send forth a tiny ripple of hope,

And crossing each other from a million different centers of energy and daring, those ripples build a current which can sweep down the mightiest walls of oppression and resistance." (Robert F. Kennedy, Day of Affirmation Address at Cape Town University (June 6, 1966). I pledge to point out these tactics for they are wrong. They are not an anomaly. "Defendants mischaracterize the record" Iglesias v. Fed. Bur. of Prisons, Case No. 19-cv-415-NJR (S.D. Ill. Oct. 15, 2021)(Order on discovery matter involving BOP); "Needless to say, it is distressing to the Court that a prison official would make a representation in a sworn affidavit and then be forced to recant that representation". and "the Court does find it concerning that plaintiff, despite his significantly more limited resources, is able to provide the Court with a more accurate and supported factual account than Defendants." Davila v. Fluornoy, Case No. 12-cv-5 (S.D. Ga., Jan. 10, 2017)(discussing BOP misdeeds); The plaintiff could go on. But

the central point is simple: the tactics that have
been employed to delay, impede and frustrate discovery
in this case have been wrong. And these wrongs still
continue to undermine a fair and just resolution
of this case.

G. Request for Production 3:

1. Plaintiff Requested "Inmate Central Files of Schawn
James Cruze, Billy Dugard Insofar as portions relate
to inmate discipline and SIS generated documents
and any document that reflects any Violence and
threatened violence, contained in said files, prior
to Dec. 16, 2019."

2. Defense Objections:

(a) "Vague"

Plaintiff's Challenge: The plaintiff's request was not at
all vague. She requested evidence within an agency
file BOP maintains on each of its current and former
inmates. Plaintiff identified which files, and which

documents within them she sought.

(b) "ambiguous and overbroad"

Plaintiff's Challenge: Aside from the fact counsel gave no reason or explanation for the objections, and improperly asserted it in boilerplate fashion (and thus waived the objection) the plaintiff sought documents within 2 specific files – easily retrievable, specific and narrow enough to enable a search.

(c) "unduly burdensome"

Plaintiff's Challenge: Once again counsel waived this objection by asserting it without explanation or reasons, and did so once again employing improper boilerplate objections. The defense never searched for the files or identified any basis for why located them would be burdensome at all. The objection lacks merit.

(c) "not relevant to any party's claim or defense"

Plaintiff's Challenge: Once again counsel has waived

this objection by failing to cite reasons or supply any explanation for invoking it. Like every other boilerplate objection counsel has asserted this as to every one of plaintiff's discovery requests. Inmate Cruze, according to the witness-assailant Billy Dugard (see Doc. 83, Dugard Decl.) paid for the Dec. 16, 2019 assault upon plaintiff. Evidence shows that prior to his Nov. 2019 release from SHU staff had determined Cruze needed to be transferred from USP Tucson due to the threat he posed at USP Tucson to others. Other evidence reflects staff were aware of Cruze's animosity towards plaintiff. And Cruze had a very public history of compromising staff, and violence towards others, and that evidence resides in his BOP Central File. What USP Tucson staff knew about the threat he posed and his propensity for violence and misconduct at USP Tucson is absolutely relevant to (1) the discretionary function exception, (2) the "negligent guard theory" (3) the elements of a negligence claim, and (4) what the SIS Manual called for staff to do to keep plaintiff safe from Cruze. The objection as to relevance is frivolous and without merit.

(d) "requests information protected by the Privacy Act § 552a"

Plaintiff's Challenge: Counsel asserts Cruze and Dugard's statutory privacy rights are why counsel will not search for and turn over in discovery the evidence of what the staff at USP Tucson knew about the two men involved in assaulting her. The Privacy Act, 5 U.S.C. 552a, states " No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request, or with the prior consent of, the individual to whom the record pertains, unless disclosure of the record would be ... pursuant to the order of a court of competent jurisdiction." 5 U.S.C. 552a (b). Thus, records that might otherwise be protected by the Act may still be discovered through litigation if ordered by a court. Ayers v. YiuLee, No. 14-cv-542-B6S (NLS), 2017 WL 2472840 at *3 (S.D.Cal. 2017). The test of discoverability in such a circumstance remains Rule 26's relevance standard. Id.; see also, Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987) ("A party can invoke discovery of materials protected by

Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP."). Therefore, Defendants' boilerplate objection under the Privacy Act is not justified.

(e) "not proportional to the needs of the case"

Plaintiff's Challenge: The defendants supply no explanation or reason why this objection applies. It is simply another boilerplate objection counsel repetitively used in response to nearly all of plaintiff's discovery requests. Therefore, it is not justified.

## Conclusion

Defendants have not identified any specific, valid reasons for withholding from discovery evidence sought by plaintiff. Instead they have stonewalled through misusing boilerplate objections and repeated efforts to block plaintiff from even filing this motion under Rule 37, FRCivP., and have led plaintiff through a months long process of object, dissemble, distort, deflect

argue, misdirect, insult, the plaintiff's efforts to get this case to a point where she can oppose summary judgment and get this case to a trial.

Plaintiff therefore asks this Court to order the defendants to search for, and produce, the requested discovery, and enter a protective order to ensure the interests of both sides are reasonably accomodated. If defendant objects, the Court should at the very least perform an in camera review of all evidence the defense objects to production of, and more importantly to evaluate the legitimacy of claims raised to support the objections. If defendant asserts "safety" or "prison security" at any point to further obstruct discovery, counsel should be appointed to aid the plaintiff. The Court also should sanction counsel for improper boilerplate objections.

Jeremy Pinson - Pro Se

## Certificate of Service

I certify service via ECF Notice (due to plaintiff's lack of access to a photocopier) upon defense counsel upon mailing this original to the Court this 28th of Feb. 2022 via prison staff.

Jeremy Pinson

-25-

argue, misdirect, insult, the plaintiff's efforts to get this case to a point where she can oppose summary judgment and get this case to a trial.

Plaintiff therefore asks this Court to order the defendants to search for, and produce, the requested discovery, and enter a protective order to ensure the interests of both sides are reasonably accomodated. If defendant objects, the Court should at the very least perform an in camera review of all evidence the defense objects to production of, and more importantly to evaluate the legitimacy of claims raised to support the objections. If defendant asserts "safety" or "prison security" at any point to further obstruct discovery, counsel should be appointed to aid the plaintiff. The Court also should sanction counsel for improper boilerplate objections.

Jeremy Pinson - Pro Se

## Certificate of Service

I certify service via ECF Notice (due to plaintiff's lack of access to a photocopier) upon defense counsel upon mailing this original to the Court this 28th of Feb. 2022 via prison staff.

Jeremy Pinson