**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Jeremy Pinson,

           Plaintiff,

v.

United States of America,

           Defendant.

No. CV-20-00070-TUC-RM

**ORDER**

In the remaining claims in this action, Plaintiff Jeremy Pinson sues Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"), alleging in Count One that United States employees failed to protect her from known threats resulting in a December 16, 2019 inmate assault, and alleging in Count Two that United States employees denied her pain medication and follow-up medical treatment following a January 17, 2020 inmate assault. (*See* Docs. 15, 47, 59.)

Discovery in this case closed on October 29, 2021. (Doc. 71 at 3.) On January 14, 2022, Defendant filed a Motion for Summary Judgment. (Doc. 99.) The Court ordered Plaintiff to respond to the Motion for Summary Judgment on or before February 18, 2022. (Doc. 103.)

On February 3, 2022, the Court partially granted Plaintiff's Motion for Leave to File Discovery Motion and granted Plaintiff leave to file a motion to compel addressing Requests for Production ("RFPs") 3, 4, 6, 7, and 8, including Defendant's objections thereto and the reasonableness of Defendant's search for documents responsive thereto.

1   (Doc. 107.)   The Court re-opened discovery for the limited purpose of addressing the

2   parties' disputes concerning RFPs 3, 4, 6, 7, and 8.  (*Id.*)

3          Also on February 3, 2022, Plaintiff filed a Motion to Stay Motion for Summary

4   Judgment and Motion for Appointment of Counsel.  (Doc. 108.)  Defendant responded in

5   opposition (Doc. 110), and Plaintiff filed a Reply (Doc. 111).

6          On March 4, 2022, Plaintiff filed a Motion for Extension of Time to File Response

7   to Motion for Summary Judgment (Doc. 112) and a Motion to Compel Discovery (Doc.

8   113).  Defendant responded in opposition to both Motions.  (Docs. 115, 116.)  Plaintiff

9   did not file replies and the deadline for doing so has expired.

10  **I.     Motion to Stay Motion for Summary Judgment and Motion to Appoint**

11  **Counsel**

12         Plaintiff moves to stay summary judgment briefing pursuant to Federal Rule of

13  Civil Procedure 56(d) and to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).  (Doc.

14  108.)  Plaintiff argues that the Court's resolution of the parties' outstanding discovery

15  disputes "will have a direct and critical impact" on Plaintiff's opposition to Defendant's

16  Motion for Summary Judgment.  (*Id.* at 1-2.)  As an example, Plaintiff argues that she

17  needs to show the policies that imposed duties upon Bureau of Prison ("BOP")

18  employees in order to oppose Defendant's arguments concerning the discretionary

19  function exception to the FTCA, and that Defendant has refused to disclose one such

20  policy, the Special Investigative Services Manual ("SIS Manual").  (*Id.* at 2-3.)  Plaintiff

21  also argues that Defendant has refused to produce the inmate files of Cruze and Dugard

22  even though those files contain relevant information concerning Cruze's threat to the

23  safety and security of United States Prison ("USP")-Tucson inmates and staff.  (*Id.* at 3-

24  4.)  Finally, Plaintiff complains about Defendant's citation to *Calderon v. United States*,

25  123 F.3d 947, 951 (7th Cir. 1997).  (*Id.* at 4-6.)

26         In response, Defendant argues that none of Plaintiff's RFPs requested "a single

27  [BOP] policy, much less the SIS Manual."  (Doc. 110 at 3.)  Defendant states that, had

28  Plaintiff requested the SIS Manual, Defendant would have "strongly objected" because

Plaintiff has not shown that the SIS Manual is relevant and the Manual "contains extremely sensitive policy direction for use by Special Investigative Supervisors in the operation of their departments and the conduct of investigations at all [BOP] institutions." (*Id.* at 3-4.)  Defendant avers that the SIS Manual "does not direct inmate segregation or placement in protective custody," that "the vast majority of the Manual describes the steps that the Special Investigative Services staff should take to investigate misconduct or criminal activity by inmates and others in a [BOP] institution," and that the Manual "is highly confidential and is not widely distributed even within the [BOP]." (*Id.*)  Defendant also argues that Plaintiff's disregard for *Calderon* is misplaced.  (*Id.* at 5-7.)  Finally, Defendant argues that Plaintiff has not shown that she is entitled to counsel. (*Id.* at 7-9.)

In her 19-page Reply,[1] Plaintiff argues that she did not seek the SIS Manual during discovery in this case because the BOP would not have produced it and the necessity of the Manual only became clear to Plaintiff when defense counsel "glaringly omitted the entire Manual from her recitation of the BOP's policies on threat assessments in her Motion for Summary Judgment." (Doc. 111 at 1-2.)  Plaintiff argues that the SIS Manual is relevant and that she is entitled to counsel because BOP policies forbid inmates from seeing, reviewing, possessing, or copying the Manual.  (*Id.* at 4-11.)

Pursuant to Federal Rule of Civil Procedure 56(d), if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may defer considering the motion or allow time to take discovery.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." To satisfy this "good cause" standard, a party must show that the pretrial schedule "'cannot reasonably be met despite'" her diligence. *Johnson v. Mammoth Recs.,*

---

[1]  "Unless otherwise permitted by the Court, a reply including its supporting memorandum may not exceed eleven (11) pages, exclusive of attachments."  LRCiv 7.2(e)(2).  Plaintiff did not seek or obtain leave of Court to file a reply in excess of the standard page limit.  Accordingly, the Court will only consider the first eleven pages of Plaintiff's Reply.

*Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). The following factors should be considered in ruling on a motion to amend a Rule 16 scheduling order to re-open discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Plaintiff did not request production of the SIS Manual during the discovery period in this case. Though the Court re-opened discovery for the limited purpose of resolving disputes concerning RFPs 3, 4, 6, 7, and 8 of Plaintiff's first set of RFPs (Doc. 107), neither the SIS manual nor Plaintiff's request for the inmate files of Cruze and Dugard are at issue in the RFPs for which this Court allowed Plaintiff to file a motion to compel.[2] Plaintiff has not shown good cause to re-open discovery beyond the limits previously imposed by the Court. Accordingly, the Court will deny Plaintiff's Motion to the extent it asks the Court to defer consideration of Defendant's Motion for Summary Judgment and re-open discovery to allow Plaintiff to seek the SIS Manual and the inmate files of Cruze and Dugard. Because Plaintiff requests the appointment of counsel only to assist her in obtaining the aforementioned discovery, the Court will also deny without prejudice Plaintiff's request for appointment of counsel.

## II.     Motion for Extension of Time to File Response to Motion for Summary Judgment

In her Motion for Extension of Time to File Response to Motion for Summary Judgment, Plaintiff asks for an extension of her summary judgment response deadline, arguing that an extension is justified because several discovery disputes are before the Court and Plaintiff is pending a transfer that will imminently separate her from her files

---

[2] As discussed further below, Plaintiff did not obtain leave of Court to file a motion to compel addressing Defendant's response to Plaintiff's request for the inmate files of Cruze and Dugard.

1  in this case. (Doc. 112.) Plaintiff asks that her response deadline be extended until 30

2  days after she arrives at her designated institution, and that the Court order Defendant to

3  ensure Plaintiff's legal files are transferred with her body. (*Id.* at 2-3.)

4       In response, Defendant argues that as of March 17, 2022, Plaintiff was neither

5  pending re-designation nor re-designated. (Doc. 115 at 3.) Defendant further argues that,

6  even if a transfer were imminent, Plaintiff would be permitted to take her legal materials

7  for active court cases pursuant to Program Statement 5580.08, Inmate Personal Property,

8  p. 14, and 28 C.F.R. § 553.14(a)(1). (*Id.*)

9       The Court resolves the parties' pending discovery disputes below and will grant

10 Plaintiff thirty days after the filing of this Order to respond to Defendant's Motion for

11 Summary Judgment. Because there is no evidence before the Court indicating that

12 Plaintiff's transfer to another institution is imminent, the Court will deny without

13 prejudice Plaintiff's request to extend her response deadline until after her transfer.[3] If

14 Plaintiff is transferred to another institution, and the transfer interferes with her ability to

15 file her response, she may re-file a motion seeking an extension of the response deadline.

16 **III.    Motion to Compel Discovery**

17       In her Motion to Compel Discovery, Plaintiff asks the Court to compel Defendants

18 to search for and produce discovery responsive to RFPs 3, 4, 6, 7, and 8. (Doc. 113.)[4]

19 Plaintiff argues that Defendant's boilerplate objections to these RFPs are improper. (*Id.*

20 at 2-4, 15-20.) Plaintiff also specifically addresses Defendant's objections. (*Id.* at 5-25.)

21       Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged

22 matter that is relevant to any party's claim or defense and proportional to the needs of the

23 case, considering the importance of the issues at stake in the action, the amount in

---

24 [3] The BOP's inmate locator indicates that Plaintiff remains confined at USP-Coleman II
25 in Coleman, Florida. *See* https://www.bop.gov/inmateloc/ (last visited Apr. 4, 2022).
   [4] "Unless otherwise permitted by the Court, a motion including its supporting
26 memorandum . . . may not exceed seven (17) pages, exclusive of attachments and any
   required statement of facts." LRCiv 7.2(e)(1). Plaintiff's Motion to Compel Discovery is
27 25 pages in length, and Plaintiff did not request or obtain leave of Court to file a motion
   in excess of the standard page limits. However, given the requirements of LRCiv 37.1(a)
28 to recite the RFPs and responses at issue, the Court finds good cause to allow a motion in
   excess of the standard page limit of LRCiv 7.2(e)(1) and will consider Plaintiff's Motion
   in its entirety.

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A party may serve on any other party a request for production that is within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Responses to requests for production are due within 30 days of the date of service. Fed. R. Civ. P. 34(b)(2)(A). If objection is made, the grounds and reasons for the objection must be stated "with specificity." *Id.*

A party withholding information otherwise discoverable by claiming that the information is privileged must expressly make the claim of privilege and must describe the nature of the undisclosed discovery "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). "[A] proper assertion of privilege must be more specific than a generalized, boilerplate objection." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005). "[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege" and may result in a finding of waiver. *Id.* at 1149.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel may be made if a party fails to produce documents as requested under Rule 34. *Id.* at 37(a)(3)(B)(iv). The party seeking to compel discovery bears the burden of establishing that its requests satisfy Rule 26(b)'s relevancy requirements, and the party opposing discovery bears the burden of supporting its objections and showing why discovery should not be allowed. *La. Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (party opposing discovery bears "burden of showing why discovery was denied").

**A.    RFP 3**

RFP 3 from Plaintiff's first set of RFPs requested: "All emails by staff at USP Tucson which mention Plaintiff's January 17, 2020 hospitalization and return to USP Tucson." (Doc. 116-2 at 3.)  Defendant objected to this RFP to the extent it requests information protected by the attorney-client and work-product privileges. (*Id.* at 4.) Subject to that objection, Defendant averred that it was unable to locate any responsive records. (*Id.*)

Instead of addressing RFP 3 from her first set of RFPs, Plaintiff's Motion to Compel instead addresses RFP 3 from Plaintiff's *second* set of RFPs. (Doc. 113 at 20-24.)  RFP 3 from Plaintiff's second set of RFPs requested: "Inmate Central Files of Schawn James Cruze, Billy Dugard insofar as portions relate to inmate discipline and SIS generated documents and any document that reflects any violence and threatened violence, contained in said files, prior to Dec. 16, 2019." (Doc. 113 at 20.)  Defendant objected to this RFP on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and disproportional to the needs of the case, and that it requests information protected by the Privacy Act. (*Id.* at 20-24.)

The Court granted Plaintiff leave to file a motion to compel addressing RFPs 3, 4, 6, 7, and 8 from Plaintiff's first set of RFPs, finding that Plaintiff had sufficiently attempted to resolve through personal consultation her disputes concerning Defendant's responses to those RFPs. (Doc. 107 at 6-7; *see also* Doc. 96-3 at 3-4.)  The Court did not grant Plaintiff permission to file a motion to compel addressing RFP 3 from her second set of RFPs.   Accordingly, the Court declines to consider Plaintiff's arguments concerning RFP 3 from her second set of RFPs.

**B.    RFP 4**

RFP 4 requested: "All documents relating to Plaintiff's authorization to be escorted to and from USP Tucson on January 17, 2020 to Tucson Medical Center." (Doc. 113 at 13-14; Doc. 116-2 at 4.)  Defendant objected to this RFP "to the extent it requests information protected by the attorney client and attorney work product privileges," and to

the extent it "conceivably requests law enforcement sensitive materials or other investigative materials that are irrelevant to the claims alleged in this lawsuit." (Doc. 116-2 at 4.) Defendant explained that communications between staff and counsel would be protected by the attorney-client privilege and work-product privileges, and that documents revealing internal security matters would implicate law enforcement-sensitive and investigative materials. (*Id.*)[5] Subject to those objections, Defendant averred that it was unable to locate any responsive records. (*Id.*)

Plaintiff argues that Defendant failed to identify the bases for its objections to RFP 4, that Defendant's objections are meritless, and that Defendant failed to conduct a reasonable search for documents responsive to RFP 4. (Doc. 113 at 6-9, 14-15.) In response, Defendant avers that it was unable to locate documents responsive to RFP 4 after searching Plaintiff's Central File and asking Lieutenant Ulrich if he had any responsive documents; Defendant further avers that it informed Plaintiff of the nature and results of its search. (Doc. 116 at 6; *see also* Doc. 81-1 at 2-3; Doc. 96-2 at 2; Doc. 116-3 at 3.) Defendant states that it does not maintain transitory documents such as those for an escort trip, arguing that it cannot be ordered to produce documents that do not exist. (Doc. 116 at 6-7.) In addition, Defendant argues that Plaintiff has not demonstrated the relevancy of documents revealing internal security matters. (Doc. 116 at 9.)

Because Defendant did not withhold any documents on attorney-client, work-product, or law-enforcement-sensitive grounds (*see* Doc. 116 at 11; 116-2 at 4), the Court declines to consider the parties' dispute concerning the validity of Defendant's objections to RFP 4. The Court finds that Defendant conducted a reasonable search for documents responsive to RFP 4. As no such documents were located, the Court will deny Plaintiff's Motion to Compel with respect to RFP 4.

**C.    RFP 6**

RFP 6 requested: "All documents or electronically stored information relating to complaints mentioning Nurse Schuler maintained by the following: (1) BOP Office of

---

[5] Defendant repeated this explanation in other responses raising the same objections.

Internal Affairs, (2) USP Tucson SIA, (3) USP Tucson SIS Office, (4) USP Tucson Health Services Department, generated or maintained since 2018, involving Plaintiff." (Doc. 113 at 12-13; Doc. 116-2 at 5.)  Defendant objected to this RFP on the grounds that it is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case; that it seeks information protected by the attorney-client and work-product privileges; and that it conceivably requests irrelevant law enforcement-sensitive materials or other investigative materials.  (Doc. 116-2 at 5-6.)   Subject to those objections, Defendant produced "Plaintiff's January 21, 2020, OIA complaint against Nurse Schuler and others for matters unrelated to the January 17, 2020 incident."  (*Id.* at 6.)

Plaintiff avers that the document produced by Defendant in response to RFP 6 consisted of four pages of heavily redacted information, and he argues that Defendant failed to identify which redactions were applied on the basis of which objections.  (Doc. 113 at 13.)  Plaintiff further argues that RFP 6 seeks relevant evidence that would be admissible under Federal Rules of Evidence 404(b) and 406 and is proportional to the needs of the case, and that Defendant's boilerplate objections are meritless.  (*Id.* at 5-11, 13.)

In response, Defendant avers that it searched the Office of Internal Affairs ("OIA") database for records relating to Plaintiff and Nurse Schuler and located the OIA complaint that it produced to Plaintiff.  (Doc. 116 at 7.)  Defendant states that it did not search the USP Tucson SIA, SIS Office, or Health Services Department records because the SIA, SIS, and Health Services would not have any responsive records, as there is no searchable repository of complaints in any of those departments, and those departments do not investigate staff complaints unless they have been directed to do so by the OIA. (*Id.*)  Defendant argues that Plaintiff has not objected to the United States' limitation of its search to OIA records, and that during the parties' personal consultation regarding this dispute, Plaintiff did not question Defendant's redaction of RFP 6.   (*Id.* at 7-8.) Defendant also avers that the only redaction in the four pages produced to Plaintiff was one redaction of the name of the OIA Chief.  (*Id.* at 8 n.6.)  Finally, Defendant argues

1   that Plaintiff has not demonstrated the relevancy of documents responsive to RFP 6, and

2   that the RFP is overbroad, unduly burdensome, and disproportional to the needs of the

3   case. (*Id.* at 9, 11-12.)

4        Given Defendant's averment that responsive records would not exist in the USP

5   Tucson SIA, SIS Office, or Health Services Department, the Court finds that Defendant

6   conducted a reasonable search for documents responsive to RFP 6.  Furthermore, Plaintiff

7   has waived any argument regarding the reasonableness of Defendant's search by failing

8   to raise such an argument in her Motion to Compel.  Because there is no indication that

9   Defendant withheld any documents based on its objections to RFP 6 (*see* Doc. 116 at 11;

10  116-2 at 4), the Court declines to consider the parties' dispute concerning the validity of

11  those objections.   Plaintiff did not engage in sufficient personal consultation with

12  Defendant regarding redactions to the document produced in response to RFP 6 (*see* Doc.

13  96-3 at 5-6); accordingly, the Court declines to consider Plaintiff's argument concerning

14  the redactions to that document.

15       **D.    RFP 7**

16       RFP 7 requested: "All administrative remedy requests or appeals filed at (1) USP

17  Tucson, (2) Western Regional Office, (3) BOP Office of General Counsel, since 2018,

18  which (1) directly mention Nurse Schuler and/or (2) involve complaints relating to

19  medical care at USP Tucson." (Doc. 113 at 12; Doc. 116-2 at 6.)  Defendant objected to

20  this RFP on the grounds that it is overbroad, unduly burdensome, irrelevant, and not

21  proportional to the needs of the case; that it seeks information protected by the attorney-

22  client and work-product privileges; and that it conceivably requests irrelevant law

23  enforcement-sensitive materials or other investigative materials.   (Doc. 116-2 at 6-7.)

24  Defendant did not produce any responsive documents and averred that it could not

25  determine whether it has any responsive materials given the overbroad nature of the RFP.

26  (*Id.* at 7.)

27       Plaintiff argues that RFP 7 seeks relevant evidence that would be admissible under

28  Federal Rules of Evidence 404(b) and 406 and is proportional to the needs of the case,

and that Defendant's boilerplate objections are meritless. (Doc. 113 at 5-12.) In response, Defendant avers that it did not conduct a search for documents responsive to RFP 7 because the RFP is "so overbroad" that it "cannot be reasonably narrowed to issues relevant to any party's claim or defense." (Doc. 116 at 8; *see also* Doc. 81-1 at 3; Doc. 96-2 at 3; Doc. 116-3 at 3.) Defendant avers that RFP 7 is unduly burdensome and disproportional to the needs of the case because it would require Defendant to search the Bureau of Prisons' administrative remedy database for a listing of all remedies filed by every inmate designated to USP Tucson since 2018—which would entail conducting a separate search for each inmate's register number—and then manually reviewing the hand-written remedy requests for references to Nurse Schuler or medical care. (Doc. 116 at 8, 12-13.) Defendant further avers that the database cannot be searched by topic or staff member. (*Id.* at 8, 12.) In addition, Defendant argues that Plaintiff has not shown the relevancy of the documents sought in RFP 7, because prior claims of negligence or malpractice are not elements of a malpractice claim. (*Id.* at 9-10, 12-13.)

The Court agrees with Defendant that RFP 7 seeks information beyond the scope of Rule 26(b). Specifically, Plaintiff has not shown that the information sought in RFP 7 is relevant to the issues in this case, and Defendant has established that the burden or expense of searching for responsive documents outweighs the likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

### E.    RFP 8

RFP 8 requested: "All federal tort claims filed with the Western Regional Office of Regional Counsel, since 2018, involving claims relating to medical care at USP Tucson." (Doc. 113 at 5; Doc. 116-2 at 7.) Defendant objected to this RFP on the grounds that it is overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case; that it seeks information protected by the attorney-client and work-product privileges; and that it conceivably requests irrelevant law enforcement-sensitive materials or other investigative materials. (Doc. 116-2 at 7.)

Plaintiff argues that RFP 8 seeks relevant evidence that would be admissible under

Federal Rules of Evidence 404(b) and 406 and is proportional to the needs of the case, and that Defendant's boilerplate objections are meritless.  (Doc. 113 at 5-11.)   In response, Defendant avers that it did not conduct a search for documents responsive to RFP 8 because the RFP is "so overbroad" that it "cannot be reasonably narrowed to issues relevant to any party's claim or defense."  (Doc. 116 at 8; *see also* Doc. 81-1 at 3; Doc. 96-2 at 3; Doc. 116-3 at 3.)  Defendant avers that RFP 8 is unduly burdensome and disproportional to the needs of the case because it would require Defendant to download hundreds of tort claims and then manually review them for references to Nurse Schuler or medical care.  (Doc. 116 at 8, 12-13.)  Defendant further avers that the database cannot be searched by topic or individual staff member.  (*Id.* at 8, 12.)  In addition, Defendant argues that Plaintiff has not shown the relevancy of the documents sought in RFP 8, because prior claims of negligence or malpractice are not elements of a malpractice claim.  (*Id.* at 9-10, 12-13.)

The Court agrees with Defendant that RFP 8 seeks information beyond the scope of Rule 26(b).  Specifically, Plaintiff has not shown that the information sought in RFP 8 is relevant to the issues in this case, and Defendant has established that the burden or expense of searching for responsive documents outweighs the likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

**IT IS ORDERED** that Plaintiff's Motion to Stay Motion for Summary Judgment and Motion for Appointment of Counsel (Doc. 108) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Response to Motion for Summary Judgment (Doc. 112) is **partially granted and partially denied without prejudice**.  Plaintiff shall respond to Defendant's Motion for Summary Judgment within **thirty (30) days** of the issuance of this Order.

. . . .

. . . .

. . . .

. . . .

1      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (Doc.

2  113) is **denied**.

3      Dated this 13th day of April, 2022.

_____

Honorable Rosemary Márquez
United States District Judge