United States District Court
District of Arizona

Jeremy Pinson,
Plaintiff,

v.

United States of America,
Defendant

Case No. 20-CV-00070-RM

Statement of Facts In Opposition to Defendants Motion for Summary Judgment

Plaintiff Jeremy Pinson, pro se, files this Statement of Facts in opposition to Defendants Motion for Summary Judgement pursuant to Fed. R. Civ. P., LCiv. R. 56.1 requires that Plaintiff's statement model the defendants enumerated Facts (Doc. 100), in Defendants Statement of Facts ("DSOF").

## I. Material Facts:

DSOF 1: Admitted.

DSOF 2: Admitted.

DSOF 3: Admitted.

DSOF 4: Denied. Plaintiff had no interactions with Dr. Waite on Dec. 16, 2019. (Pinson Decl., Attached, at 1). Plaintiff sustained redress to her ear and an injury to her jaw. (id.).

DSOF 5: Admitted as to Defense assertions as to this was Dugard's statement, Denied insofar as plaintiff made "disrespectful comments" to Dugard. (id.).

1

DSOF 6: Denied. Inmate Dugard's sworn statement admits his true motivations for assaulting plaintiff. (See Doc. 83, Dugard Decl.).

DSOF 7: Admitted.

DSOF 8: Admitted.

DSOF 9: Admitted.

DSOF 10: Admitted only as to their statements, denied as to whether a threat existed against them.

DSOF 11: Admitted.

DSOF 12: Denied, SIS Staff refused to interview multiple witnesses provided by plaintiff (Pinson Decl.).

DSOF 13: Admitted.

DSOF 14: Admitted.

DSOF 15: Admitted.

DSOF 16: Admitted.

DSOF 17: Admitted that the suspect made the statement, denied insofar as the statement was truthful. (Pinson Decl. at 5).

DSOF 18: Admitted that the suspect made the statement, denied insofar as the statement was true. (Pinson Decl. at 5).

-2-

DSOF 19: Admitted insofar as the statement was made, denied insofar as the statement was true. (Pinson Decl. at 5).

DSOF 20: Admitted insofar as the statement was made, denied insofar as the statement was true. (Pinson Decl. at 6).

DSOF 21: Denied. (Pinson Decl. at 5-6).

DSOF 22: Admitted insofar as this was the conclusion, but denied as to the truthfulness or accuracy of that conclusion. (Pinson Decl. at 7).

DSOF 23: Denied. (See Doc. 83, Dygard Decl.; Malone Decl.).

DSOF 24: Admitted.

DSOF 25: Admitted.

DSOF 26: Admitted.

DSOF 27: Admitted.

DSOF 28: Admitted.

DSOF 29: Admitted.

DSOF 30: Denied. The medical record for Jan. 17, 2020 states plaintiff was sent to the hospital for "traumatic assault/head injury w/ report of loss of consciousness" (Pinson Decl., Att. A).

-3-

DSOF 31: Denied, plaintiff received a "CT Brain Sinus-Facial without Contrast Lumbosacral spine 2 OR 3 Views" (Pinson Decl., Att. A).

DSOF 32: Admitted.

DSOF 33: Admitted in part, denied insofar as such over the counter pain medications were available. (Plaintiff's Decl. at 9).

DSOF 34: Denied insofar as the hospital staff did not indicate a need for monitoring. The hospital report diagnosed "Acute head injury with loss of Consciousness" (Pinson Decl., Att. A) it stated "After a head injury has happened, most problems occur within the first 24 hours, but side effects may occur up to 7-10 days after the injury. It is important to watch your condition for any changes." (Pinson Decl., Att. A at Page 5-6). Also, "Have someone stay with you for 24 hours after your head injury. This person should watch you for any changes in your symptoms and be ready to seek medical help as needed." (Pinson Decl., Att. A, Page 5-6).

DSOF 35: Admitted that this was part of the handout, but denied that this was all it said. (Pinson Decl., Att. A).

-4-

DSOF 36: Admitted.

DSOF 37: Admitted.

DSOF 38: Admitted.

DSOF 39: Admitted.

DSOF 40: Admitted.

DSOF 41: Denied. Plaintiff's commissary list included a bottle of Ibuprofen but it was not sold to plaintiff. (Pinson Decl. at 9).

DSOF 42: Admitted.

DSOF 43: Admitted.

DSOF 44: Admitted.

DSOF 45: Admitted.

DSOF 46: Admitted insofar as this is what the records may reflect, denied insofar as the records are accurate. (Pinson Decl. at 10), (Att. B, C).

DSOF 47: Admitted.

DSOF 48: Admitted.

DSOF 49: Denied. The SIS Manual specifically outlines that they must protect inmate informants. (Pinson Decl. at 11).

DSOF 50: Admitted.

DSOF 51: Admitted.

DSOF 52: Admitted.

DSOF 53: Admitted.

DSOF 54: Admitted.

DSOF 55: Admitted.

DSOF 56: Admitted.

DSOF 57: Admitted.

DSOF 58: Denied. Policy states that "Every employee is required to immediately report to management any act or omission by any person that could result in a breach of institution security." (Pinson Decl., Att. D, Page 1). Among the violations staff may commit are "Inattention to Duty" which is explained as "Potential danger to safety of persons" (Pinson Decl., Att. D at 3). "Failure to respond immediately to an emergency situation" (id. at 5), "Endangering the safety of or causing injury to staff, inmates, or others through carelessness or failure to follow instructions." (id. at 5-6). Dugard was not only in violation of policy by being "out of bounds" (Pinson Decl. at 13) but testified himself to having reported to Kitchen Officer John and others that he intended to assault plaintiff. (See Doc. 83, Dugard Decl.).

-6-

## II. Plaintiff's Additional Statements of Facts

1. TUC staff member Dygard told he was going to assault the plaintiff wrote a false incident report charging the plaintiff with "striking him with closed fist around the shoulder and facial region." (Pinson Decl. at 14, and Att. E).

2. At a hearing on the Code 201 fighting charge plaintiff was acquitted as the video showed the staff member lied on plaintiff. (Pinson Decl., Att. E at 2).

3. On Dec. 27, 2019 BOP Asst. Warden Segal reported there had been no "signs or evidence of retaliation" from the PREA investigation involving Cruce in Oct. 2019. (See DSOF 15-22). Prior to Dec. 27, 2019 plaintiff had made numerous reports of retaliation stemming from the Oct. 2019 investigation. (See Plaintiff's Decl. at 18; and DSOF).

4. BOP policy prohibits retaliation against plaintiff for filing a PREA complaint. (Pinson Decl., Att. G); 28 CFR 115.67 The BOP itself defines the word "shall" as meaning an obligation is imposed. See, 28 CFR 500.1

5. BOP Discipline Code 328 prohibited plaintiff's cellmate from providing her any of his $2.75 bottle of Ibuprofen. (Plaintiff's Decl., Att. I)(See also Doc. 100, Ex. A, Att. 15 receipt).

-7-

Respectfully Submitted:

Jeremy Pinson #16267-064
USP Coleman-II
PO Box 1034
Coleman, FL 33521
Plaintiff

## Certificate of Service

I certify service of this will be via ECF/PACER Notice to AUSA Faulk and by U.S. Mail to the Court Clerk on Apr. 17, 2022 as a result of a continuing lack of access to a photocopier by plaintiff.

Jeremy Pinson