**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-20-00070-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff Jeremy Pinson's Motion for Rule 11 Sanctions. (Doc. 118.) Defendant United States of America responded in opposition. (Doc. 121.) For the following reasons, the Motion for Sanctions will be denied.

**I.　Background**

Defendant filed a Motion for Summary Judgment on January 14, 2022. (Doc. 99.) The Court ordered Plaintiff to respond on or before February 18, 2022. (Doc. 103.) On February 3, 2022, Plaintiff filed a motion seeking to stay the summary judgment briefing (Doc. 108), and on March 4, 2022, she filed a motion seeking an extension of her deadline to respond to the Motion for Summary Judgment (Doc. 112). In the Motion for Extension of Time, Plaintiff argued, in relevant part, that an extension of her response deadline was justified because she was pending a transfer that would imminently separate her from her files in this case. (Doc. 112.) In response to the Motion for Extension of Time, Defendant stated that, as of March 17, 2022, Plaintiff was neither pending re-designation nor re-designated. (Doc. 115 at 3.) Defendant supported this averment with

a declaration by Federal Bureau of Prisons ("BOP") Legal Assistant Lorri Mitchell and a copy of Plaintiff's SENTRY record as of March 17, 2022, showing that Plaintiff at that time was designated to USP II—Coleman, Florida. (Doc. 115-1 at 2-7.)

The Court denied the Motion to Stay and partially granted the Motion for Extension of Time. (Doc. 117.) The Court extended Plaintiff's response deadline to May 13, 2022 but denied without prejudice her request to extend the response deadline until after her transfer. (*Id.* at 5.) The Court granted Plaintiff leave to re-file a motion seeking an extension of the response deadline if she was transferred to another institution and the transfer interfered with her ability to file her response. (*Id.*) Plaintiff filed her Response in opposition to Defendant's Motion for Summary Judgment on February 28, 2022. (Doc. 119.)

On February 25, 2022, Plaintiff filed the pending Motion for Rule 11 Sanctions, arguing that defense counsel misled the Court regarding Plaintiff's pending transfer. (Doc. 118.) On May 16, 2022, Plaintiff filed a Notice of Change of Address indicating she was located at the Federal Transfer Center and was en route to the United States Penitentiary ("USP")—Tucson. (Doc. 124.) On June 13, 2022, Plaintiff filed a Notice of Change of Address indicating she had been transferred to USP—Tucson as of June 3, 2022. (Doc. 125.)

**II.     Legal Standard**

By filing a written motion or other paper, "an attorney or unrepresented party certifies," in relevant part, "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "factual contentions" contained in the filing "have evidentiary support" and that "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(3)-(4). The Court may, after notice and a reasonable opportunity to respond, impose an appropriate sanction on an attorney, law firm, or party that violates Rule 11(b) or is responsible for the violation. Fed. R. Civ. P. 11(c)(1).

### III. Discussion

Plaintiff argues that her transfer was made pursuant to an agreement in District of Arizona case number 13-cv-2059, and that defense counsel misled the Court in the representations she made in Defendant's Response to Plaintiff's Motion for Extension of Time. (Doc. 118.)

Defendant avers that the statements made in response to Plaintiff's Motion for Extension of Time were accurate based on then-available information. (Doc. 121.) Specifically, Defendant avers that a review of the docket in *Pinson v. Federal Bureau of Prisons*, CV 4:13-cv-02059-BGM, does not support Plaintiff's contention that the parties in that case agreed to a transfer as part of settlement negotiations. (Doc. 121 at 2.) Defendant further avers that inmate designation and re-designation decisions are made by the Bureau's Designation and Sentence Computation Center ("DSCC"), that DSCC staff update an inmate's SENTRY record when a decision to re-designate has been made, and that as of March 17, 2022, Plaintiff's SENTRY record did not indicate she was pending re-designation or re-designated. (Doc. 2-3.) Defendant attaches a minute entry from case number CV 4:13-cv-02059-BGM, as well as a declaration by BOP Paralegal Specialist Jennifer Vickers, who reviewed Plaintiff's SENTRY records and found that Plaintiff was designated to USP-Tucson on April 12, 2022. (Doc. 121-2 at 2; Doc. 121-3 at 2-3.)

Plaintiff's SENTRY record as of March 17, 2022, and the declarations of Lorri Mitchell and Jennifer Vickers, show that Plaintiff was designated to USP—Tucson *after* Defendant had already filed its Response to Plaintiff's Motion for Extension of Time. (Doc. 115-1 at 2-7; Doc. 121-3 at 2-3.) The docket in *Pinson v. Federal Bureau of Prisons*, CV 4:13-cv-02059-BGM, indicates that the parties attended a settlement conference on January 31, 2022 but did not settle, with the parties planning to request a stay of further proceedings in order to continue their negotiations. (Doc. 164 in CV 4:13-cv-02059-BGM.) The docket further indicates that, on April 14, 2022, the parties held a scheduling conference before Magistrate Judge Bruce G. Macdonald, discussing possible trial dates and other pretrial matters. (Doc. 176 in CV 4:13-cv-02059-BGM.) The docket

does not indicate that the parties in that case reached any agreement concerning Plaintiff's transfer; if the parties had discussions concerning any such agreement, those discussions are not apparent from a review of the docket.

Defense counsel's review of Plaintiff's then-current SENTRY records and the docket in case number CV 4:13-cv-02059-BGM satisfies the reasonable inquiry standard of Federal Rule of Civil Procedure 11. Plaintiff has not shown that the statements that Defendant made in its Response to Plaintiff's Motion for Extension of Time were false or misleading based on the information that was available to defense counsel at the time the Response was filed. Accordingly, Plaintiff's Motion for Sanctions will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Sanctions (Doc. 118) is **denied**.

Dated this 24th day of June, 2022.

_____
Honorable Rosemary Márquez
United States District Judge